(106 So. 71)

### COX v. STATE. (4 Div. 138.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

**1. Criminal law ⟲1043(2)—Rulings of trial court on admissibility of evidence not reviewable where grounds of objection not specified.**

Rulings of trial court on admissibility of evidence which is not patently and palpably inadmissible for any purpose are not reviewable, in view of rule 33 of circuit court practice (Code 1923, p. 906), where grounds of objection are not specified.

**2. Larceny ⟲23—Indictment charging grand larceny of goods of value of $50 need not allege place from which goods stolen.**

Indictment properly charged grand larceny of cotton, where value thereof was stated at $50, though no reference was made to place from which it was stolen.

**3. Larceny ⟲40(4)—No fatal variance between indictment and evidence in prosecution for grand larceny.**

No fatal variance existed between indictment and evidence in prosecution for grand larceny of cotton because evidence disclosed cotton was stolen from a cotton house and indictment did not so charge, since building from which property was stolen is no ingredient of offense where value thereof is more than $25.

**4. Criminal law ⟲753(2)—Affirmative charges for defendant properly refused, where conflicting evidence sufficient to support conviction.**

Court properly refused affirmative charges for defendant, where conflicting evidence was sufficient to support conviction.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

John C. Cox was convicted of grand larceny, and he appeals. Affirmed.

Guy W. Winn, of Clayton, for appellant.

There was a fatal variance between the indictment and the proof, and defendant was entitled to the affirmative charge. Code 1923, § 4905.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The affirmative charge, requested by defendant, was properly refused. Bodine v. State, 18 Ala. App. 514, 93 So. 264; Morrow v. State, 19 Ala. App. 212, 97 So. 106; Humphrey v. State, 18 Ala. App. 251, 90 So. 504; Askew v. State, 18 Ala. App. 345, 91 So. 911; Price v. State, 19 Ala. App. 78, 95 So. 55.

BRICKEN, P. J. From a judgment of conviction for grand larceny, this appeal was taken.

[1] Pending the trial of this case, several exceptions were reserved to the rulings of the court upon the admission of the evidence. In every instance these exceptions were reserved to the action of the court in overruling the so-called objections of defendant. In no instance did the defendant state any grounds of objection, but merely announced, "I object." According appropriate effect to the provisions of rule 33 of circuit court practice (Code 1923, p. 906), these objections were vain or abortive. This rule expressly provides, when, in the progress of the trial of any cause in a court of original jurisdiction, objection and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. Of course, under this rule, when evidence offered is patently and palpably inadmissible for any purpose, a general objection is sufficient to justify its exclusion; and it is the correct practice when interposing even a general objection to predicate such objection on the grounds that it is illegal, incompetent, immaterial, and inadmissible. However, as here, when the offered evidence is not of this character, there must be special objection pointing out the grounds of its irrelevancy or illegality. Pretermitting this, we have examined each of the exceptions reserved by the defendant in this connection and fail to find any ruling of the court constituting error of a reversible nature. In other words, it does not appear in any of these several rulings that the substantial rights of the defendant were injuriously affected.

[2, 3] The first count of the indictment, under which the defendant was convicted, properly charged grand larceny of the cotton alleged to have been stolen. The value thereof being stated at $50, it charges the offense of grand larceny without reference to the place from which it was stolen. The insistence here made, that a fatal variance existed because the evidence disclosed the cotton was stolen from a cotton house and the indictment did not so charge, is wholly without merit. The building or place from which the property was stolen is no ingredient of the offense, where the value thereof is more than $25.

[4] This appellant was convicted upon circumstantial evidence. It was amply suf-

ficient in our judgment to support the verdict and to sustain the judgment. There was conflict in the evidence. The court was without authority to direct a verdict; hence there was no error in the refusal of the two unnumbered charges, both of them being the affirmative charge.

The action of the court in overruling defendant's motion for a new trial is not presented for review.

The judgment of conviction appealed from is affirmed.

Affirmed.