97 So.2d 164

**Leo BURTON**

v.

**STATE.**

6 Div. 429.

Court of Appeals of Alabama.

Sept. 20, 1957.

J. Terry Huffstutler, Birmingham, for appellant.

John Patterson, Atty. Gen. and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

On May 11, 1956, Burton was (agreeably with a jury's verdict rendered March 19) adjudged guilty of first degree manslaughter and sentenced to three years' imprisonment.

On May 21 a motion for a new trial was filed and presented to the trial judge, who continued it to May 25. The record shows a minute entry of June 1, 1956, which shows that the cause coming on for hearing and upon a motion (by the State) to dismiss the motion for a new trial it was the

judgment of the court that the motion for a new trial should be dismissed.

It is not contended here that the judgment was rendered other than on May 11, 1956. It is abundantly clear that the trial judge considered the thirty-day period (Code 1940, T. 13, § 119) for a motion for a new trial began March 19, the date of verdict rather than May 11, the date of judgment.

A case is still pending in the trial court until judgment, even though there has been a verdict, Ex parte Beaird, 217 Ala. 355, 116 So. 367; Little v. State, 32 Ala.App. 662, 29 So.2d 427. Here the delay was to allow a report on an application for probation (Code 1940, T. 42, § 19, as amended). While in some contexts a judgment is held to have effect as of the date of its germinal verdict, nevertheless, as used in Code 1940, T. 13, § 119, the word "rendered" we consider to relate to the date on which the court utters the adjudication of guilt.

Since it appears that the trial judge did not enter into a consideration of the merits of the motion for a new trial, our view of the time for the filing thereof requires that the judgment dismissing that motion be reversed and that the cause be remanded.

Reversed and remanded.