157 So.2d 226

**Eugene LAWSON**

v.

**STATE.**

**8 Div. 898.**

Court of Appeals of Alabama.

Aug. 27, 1963.

Rehearing Denied Oct. 8, 1963.

Harold T. Pounders, Florence, for appellant.

Richmond M. Flowers, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, Montgomery, for the State.

PRICE, Presiding Judge.

This appellant was convicted of possessing prohibited alcoholic beverages.

Trial was had by the court without the intervention of a jury. The judgment entry of May 10, 1962, the date of trial, shows the following:

"* * * the court after hearing the evidence in this case renders judgment finding the defendant guilty as charged in the original affidavit and the case is continued to June 11, 1962, for sentencing."

The entry of June 11, 1962, reads:

"Thereupon in open court on this the 11th day of June, 1962, the defendant being asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him replied 'he had not.' It is therefore considered and adjudged by the court that the defendant is guilty of the offense of violating Prohibition Law as charged in the original affidavit and that the State of Alabama for the use of Lauderdale County have and recover of the defendant a fine of $250.00 and costs of this prosecution, as punishment for said offense."

On July 10, 1962, a motion for a new trial was filed. Said motion was regularly continued until December 1, 1962, when it was overruled.

The transcript of the evidence was filed with the circuit clerk on the 25th day of January, 1963. The entire record was filed in this court on March 19, 1963.

The Attorney General has filed a motion to strike the transcript of the testimony and the transcript of the record because not timely filed. It is insisted the motion for a new trial was filed more than thirty days after judgment, on May 10, 1962.

The time for filing motion for a new trial begins to run on the date of the formal adjudication of guilt, not the date of the jury verdict or the finding of the court on the facts when the trial is had without a jury. Burton v. State, 39 Ala. App. 230, 97 So.2d 164.

The judgment entry clearly shows defendant was not formally adjudged guilty until June 11, 1962. The motion for new trial was filed within thirty days thereafter.

The Attorney General's motion is not well taken, and is hereby denied.

The State's evidence tends to show that on November 22nd, 1961, several law enforcement officers went to the home of one Charles Brown. As the officers approached the house they saw two men sitting in an automobile in the driveway. One of the men, shown to be defendant, left the automobile, walked across the road toward the barn, turned behind the barn and went to the fence by a pile of lumber and into a small thicket, came back out of the woods and up the fence to about halfway between the lumber and the barn where he was met by one of the officers. The defendant had on what was termed "foul weather" clothing, with rubber boots. One of his hands was in the bib of his overalls and when told to remove his hand something dropped into his britches leg at the top of his boot. The officer slid his hand up under his britches leg and re-

**174**

moved a half pint of a named brand of vodka.

The state's witnesses testified they did not see the defendant pick up anything and did not know before the search that he had any whiskey on his person. No member of the Brown family was at home. A search was made of the premises but no whiskey was found.

No testimony was presented in defendant's behalf.

The officers had a purported search warrant authorizing the search of "a frame residence on west side of highway U. S. #43 North beyond Shoals Creek." The affidavit supporting the warrant was unsigned. Sec. 212, Title 29, Code of Alabama 1940.

The foregoing evidence clearly demonstrates the search of defendant's person was plainly illegal. Dennis v. State, 40 Ala.App. 182, 111 So.2d 21. Timely and specific objection was interposed to the admission of the evidence thereby obtained.

While the courts of this state have formerly held that illegally obtained evidence, except evidence obtained by means of an illegal search of a private dwelling, Section 210, Title 29, Code, was admissible in the trial of a criminal case, Shields v. State, 104 Ala. 35, 16 So. 85; Banks v. State, 207 Ala. 179, 93 So. 293, 24 A.L.R. 1359; Dennis v. State, supra, the Supreme Court of the United States has said that evidence obtained by searches and seizures in violation of the Constitution of the United States is inadmissible in a state court. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933. The evidence pointed out was inadmissible under Mapp v. Ohio, supra.

There is no necessity for ordering a new trial since there could be no admissible evidence under which a conviction could be based.

Reversed and rendered.