165 So.2d 127

Dewey **PATE**

v.

**STATE.**

7 Div. 745.

Court of Appeals of Alabama.

April 7, 1964.

Rehearing Denied April 29, 1964.

L. Clyde Traylor, Fort Payne, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Dewey Pate, was tried jointly with Charles Burgess in the Circuit Court of DeKalb County, Alabama, without a jury, for the offense of having in his possession "illegally prohibited liquors contrary to law". Burgess was acquitted but appellant was convicted and from such conviction he maintains this appeal.

A general summary of the facts is as follows:

Pate was riding in his automobile which was being driven by Burgess on Interstate Highway No. 59 when they were stopped by the Sheriff and a Deputy Sheriff of DeKalb County. There was no search made at this time. At a point near the appellant's home, the Sheriff again stopped the appellant's automobile and there is much conflict in the testimony as to whether this occurred on a public right of way or on the premises of the appellant. We feel that the extensive testimony regarding the location of the appellant's automobile is irrelevant to the legality of the search. The search was consummated under a search warrant which, by the terms of its mandate, was, at the time of its execution, void, and the location of the automobile was immaterial and would not render the search legal.

The record indicates that, after appellant's automobile was stopped at or near his home, Deputy Sheriff O. D. Durham remained with the car while Sheriff Harold Richards went to town to procure a search warrant. Deputy Sheriff M. G. Richards testified that the Sheriff contacted him to procure a search warrant to search the appellant's car and that he procured it and took it to appellant's home at "around 8:35 or 8:40 P. M."

We agree with the appellant's contention that the search of the automobile was illegal. The search warrant as issued and introduced into evidence conclusively shows that it was to be executed in the daytime while the testimony of the Sheriff and other State witnesses shows that the search was performed at night. At the time it was executed, the search warrant gave no authority to search. Armed with and acting under this void search warrant, the officers entered the automobile through the front door, removed the back seat and seized thirty-six pints of prohibited liquors from the trunk. The fruits of such a patently illegal search are inadmissible at the trial. Lawson v. State, 42 Ala.App. 172, 157 So.2d 226; Dennis v. State, 40 Ala.App. 182, 111 So.2d 21; Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933.

The exclusion of the prohibited liquor from being placed in evidence will make a future trial unnecessary. The judgment of the lower court is reversed and judgment is here rendered discharging defendant.

Reversed and rendered.