179 So.2d 330

**Otto Clarence YORK**

**v.**

**STATE.**

**6 Div. 51.**

Court of Appeals of Alabama.

Dec. 15, 1964.

Rehearing Denied Jan. 12, 1965.

Tom Drake, Cullman, and Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

York appeals from a conviction of transporting prohibited liquors in violation of the five-gallon law. Code 1940, T. 29, § 187. After adjudication and denial of probation, the court sentenced him to serve two years in the penitentiary.

The Attorney General, in brief, gives the facts as follows:

"* * * [two] Deputy Sheriffs, * * * met * * * York, on the Section Line Road outside Cullman * * * [driving] a black and white 1958 Oldsmobile.

"The officers [turned and] gave chase and the Appellant, after attempting to out run them, spun out on a curve, his car came to rest in a plum thicket and he [vanished].

"The car was examined [at the plum thicket] and a 'nest of jugs' could be seen in the trunk. [No evidence of anything more suspicious being found there was adduced aside from attempts to show, contrary to the rule in Mason v. State, 259 Ala. 438, 66 So.2d 557 [42 A.L.R.2d 847], of complaints that York was bootlegging. See also Cobb v. State, 19 Ala.App. 345, 97 So. 779.]

"[A] deputy * * * drove the Oldsmobile back to Cullman where [while it stood before the Courthouse, the sheriff prized open] the trunk lid * * * and * * * 12 one gallon jugs of wildcat whiskey [were revealed].

"Both deputies identified the Appellant as being the driver of the car in which the whiskey was found.

"Appellant submitted to arrest in the Office of the Sheriff * * * three days after the whiskey was taken from the car."

York defended on alibi.

## I.

■ Defense counsel objected to the reception of the seized whiskey in evidence.[1] Among grounds cited was the contention of an unlawful search and seizure. The court overruled the objection. This was error. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; § 5, Const.1901.

The constable in Cardozo's metaphor no longer may vindicate his trespass by pointing to the defendant's guilt: his originating sin frustrates society's enjoyment of the forbidden fruit. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

■ Concededly, the prosecution, to meet the burden cast on it, may justify the lack of a warrant to search a moveable by establishing (1) that there was imminence of escape or loss of evidence, and (2) that there was a prior probable cause to believe evidence was therein hidden. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

The record here, however, is devoid of showing any emergency within the Carroll rule. There was no testimony of leaking whiskey, shortage of guards in face of likely recapture, perishable cargo, or other circumstances in which going to a magistrate would leave the proverbial barn door open too long.

That hindsight shows us the cargo was contraband and hence not York's, is only a possessory question. York's right to be searched only under the Constitution overrides, in a case involving criminal conviction, the State's right to confiscate his car and its cargo.

1. After the trial was had in York's case, our Supreme Court, in Brown v. State, 277 Ala. 108, 167 So.2d 291, ruled that a pre-trial motion to suppress is only an alternative proceeding and not a condition precedent to objecting to the reception of illegally seized evidence on the main trial. Hence, York's objection did not come too late.

## II.

■ The rule of remandment, even only on the barest possibility of the State making a prima facie case on a new trial as laid down by Hendricks v. State, 252 Ala. 305, 41 So.2d 423, does not apply here. Lawson v. State, 42 Ala.App. 172, 157 So.2d 226; Brown v. State, 42 Ala.App. 429, 167 So. 2d 281.

Under Code 1940, T. 15, § 389, it is requisite that the judgment be not only reversed but also that the appellant be discharged.

Reversed and rendered.

### On Rehearing

CATES, Judge.

The Attorney General cites us to: Feguer v. United States, 8 Cir., 302 F.2d 214, Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898, and Newingham v. United States, 3 Cir., 4 F.2d 490.

Feguer v. United States, supra, 302 F.2d at 247, gives grounds for searching the car stolen from the victim of Feguer's kidnapping. Beyond Feguer's and York's driving cars, all correspondence between the cases ends.

The searching of the room Feguer had formerly rented in Dubuque has no application to a hypothetical search which might have been made of York's car while it was off the road in the plum thicket. The cases cited by the Eighth Circuit (e. g., Abel, supra, and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697) not only are not concerned with vehicles but are modified by Stoner v. California, 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856. See also Anno. 86 A.L.R.2d 984.

57

Hester v. United States, supra, involved an officer picking up à thrown away jug still holding about a quart of whiskey. Hester had discarded the jug—probably hoping to break it—while running through an open field. Holmes, J., held this act "was no seizure in the sense of the law."

Newingham v. United States, supra, concerned use of papers in evidence. Some had been taken from a desk. The court found it "clear that the defendants had abandoned them."

The mere finding of an automobile stalled alongside or near a road is not alone sufficient to say that the owner has abandoned it. Beyond this we need not conjecture, since here the sheriff made his seizure not at the plum thicket but in the shadow of the court-house.

Application overruled.