186 So.2d 731

**Olen Ray LOYD**

**v.**

**STATE of Alabama.**

**2 Div. 452.**

Supreme Court of Alabama.

May 5, 1966.

Bryan Chancey and Gordon, Miglionico & Cleveland, Birmingham, for petitioner.

Richmond M. Flowers, Atty. Gen., opposed.

COLEMAN, Justice.

Defendant was convicted for assault with intent to murder. The Court of Appeals affirmed. Defendant has applied for certiorari to review the judgment of the Court of Appeals.

In outline, the state contends that defendant and a companion were riding in an automobile on a highway in Dallas County; that they met a truck; and that defendant's companion shot the truck driver with a load of buckshot from a shotgun. The shooting occurred in the early morning hours of Thursday, January 18, 1962.

About 5:00 a. m., Thursday, a patrolman stopped defendant's automobile at a road block in Bibb County. The patrolman searched defendant's car and found a shotgun and a box of shells. The patrolman allowed defendant to proceed on his way.

About 8:00 a. m., Thursday, an officer stopped defendant's automobile at Ohatchee, about eighteen miles from Anniston. The officer took defendant and companion to Anniston and turned them over to "the Highway Patrol." The officer had no warrant. He insists that he did not arrest defendant. Defendant insists that the arrest was illegal. Defendant and companion were taken to Birmingham and there delivered to the Sheriff of Dallas County who took them to the jail in Selma. They were not released until about ten days later when bail was allowed.

Defendant's automobile was taken to Montgomery and there examined by a "criminalist" who testified as to results of his examination and identified articles which he found in defendant's automobile. The articles were admitted into evidence, some without defendant's objection, others over defendant's objection.

Defendant was questioned and gave a confession which he signed on Saturday night about 10:00 p. m. Defendant insists that the confession was not admissible in evidence.

Defendant asserts that the Court of Appeals erred in holding that the evidence submitted to the grand jury constituted legal evidence so as to justify an indictment.

When it appears that witnesses were examined by the grand jury, or that the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged. Washington v. State, 63 Ala. 189; Agee v. State, 117 Ala. 169, 23 So. 486; Fikes v. State, 263 Ala. 89, 81 So.2d 303; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

■ It appears that one witness was examined by the grand jury in the instant case, and, therefore, we will not indulge inquiry into the sufficiency of the evidence before the grand jury. We are of opinion that the Court of Appeals was correct in holding that the trial court did not err in overruling the motion to quash the indictment.

■ The Court of Appeals correctly affirmed the action of the trial court in sustaining objections to questions asking grand jurors what testimony concerning details of the crime the sheriff gave to the grand jury. Gaines v. State, 146 Ala. 16, 41 So. 865; Reeves v. State, 264 Ala. 476, 88 So.2d 561; and authorities supra.

In his application for certiorari, defendant assigns, as grounds to reverse, that the Court of Appeals erred in holding the confession admissible in evidence. Defendant says that the confession was inadmissible because, (1) it was the fruit of an unlawful arrest of defendant, and, (2), because the confession was obtained while defendant was illegally detained and deprived of counsel.

■ We are not advised of any case holding that a confession is inadmissible for the reason that it was made while a defendant was being held after being unlawfully arrested. As we note hereafter, the Supreme Court of the United States has held that evidence obtained as the result of an illegal search is not admissible, but we are not advised that the rule of exclusion has been applied to a confession, which is shown to have been voluntarily made, although the confessing person may have been illegally arrested. We are of opinion that the confession was not inadmissible on the ground that it was made after defendant had been taken into custody by an unlawful arrest.

We do not decide whether the arrest of defendant was lawful or unlawful because we do not think such decision necessary in this case.

■ Defendant's second reason, to wit, that his confession is inadmissible because it was made while he was unlawfully deprived of counsel, requires that we decide whether he has been denied a right guaranteed to him by the Constitution of the United States. Ordinarily, on certiorari, this court will not review findings of fact by the Court of Appeals in the absence of full statement of the evidence by the Court of Appeals. Even where the Court of Appeals has not written an opinion, however, in "extreme instances," this court has looked to the record to ascertain the facts. In such a case this court said:

"In the first case decided by this Court, holding that it would not review the findings of fact by the Court of Appeals [Ex parte Louisville & Nashville R. Co., 176 Ala. 631, 58 So. 315, 317], it was recognized that the decisions of the Court of Appeals should be final 'except perhaps in * * * extreme instances not necessary to now mention.'

"After all that may be said on this phase of the case, it was never contemplated by the Legislature of this State which created the Court of Appeals, that such court should have the power or authority to finally determine constitutional questions and conclude a review of such determination by the form of its judgment without an opinion. Specific prohibitions are found in the statutes dealing with that court against the nullifying of a statute for constitutional reasons. The rule to which we have adverted regarding the right of review of decisions of our Court of Appeals where no opinion was rendered by that court, should not be so extended as to permit the Court of Appeals to preclude a decision by this Court upon federal questions." State v. Parrish, 242 Ala. 7, 12, 13, 5 So.2d 828, 833.

In the instant case, we must decide on federal questions and will look to the record.

With respect to denial of counsel as affecting admissibility of a confession, the Supreme Court of the United States has said:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. [335], at 342, 83 S.Ct. [792], at 795 [9 L.Ed.2d 799] and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." Escobedo v. State of Illinois, 378 U.S. 478, 490, 491, 84 S.Ct. 1758, 1765, 12 L.Ed.2d 977.

■ The evidence relating to the confession has been carefully examined. The evidence favorable to admissibility of the confession tends to justify a finding that defendant was questioned from 5:00 p. m. until 11:00 p. m. Friday; that defendant was permitted to eat and take several breaks; that defendant called the residence of Mr. Esco, an attorney, on the telephone and was told that Mr. Esco would not see defendant Friday night but would see him the next day; that defendant told his questioners that he wanted to talk to his wife and talk to her in person the next day and then he would give a definite answer as to whether he would give a statement; that defendant talked to his wife on the telephone on Saturday between twelve and two, whether a. m. or p. m. is not clear; that defendant's wife came to the jail about

7:00 p. m. Saturday but was not permitted to see defendant until after he had made the confession; that Mr. Esco came to the jail Saturday, shortly before or about the time the wife came, but was not permitted to see defendant; that about two or three o'clock Saturday afternoon, defendant indicated he was ready to make a statement and commenced to do so; that the statement was written down by one of the officers and signed by defendant about 10:00 p. m. Saturday; that when Mr. Esco came to the jail Saturday, defendant was informed of Mr. Esco's presence, but defendant said he had no desire to see Mr. Esco and had not retained him, and defendant wrote the note to Mr. Esco which is set out in opinion of Court of Appeals. We are of opinion, that if the trial judge found the facts to be true as we have summarized them, then the confession was not inadmissible on the ground that defendant was denied counsel. Accordingly, we hold that the Court of Appeals did not err in finding the confession admissible.

As grounds for reversal of the Court of Appeals, defendant alleges:

"10. The court erred in failing to hold that the exhibits taken from defendant's automobile by an illegal search and seizure were inadmissible in evidence."

We do not find that the Court of Appeals expressly ruled on admissibility of the articles taken from defendant's automobile. It is as if no opinion had been written on this question, which is also a federal question.

The argument, against admissibility of articles taken from defendant's automobile, is that the articles were obtained by an illegal search and are, for that reason, not admissible against defendant.

The articles were admitted into evidence on the testimony of a "criminalist" employed by the state. He testified that the automobile was delivered to him on Friday morning, approximately twenty-four hours after defendant had been arrested. We understand that delivery and search of the

automobile took place in Montgomery. We will consider the rules governing review of action of the trial court in overruling objections to the admission of evidence.

▮ A general objection to admission of evidence should be sustained if the evidence is not legal for any purpose and cannot be made legal by other evidence or by otherwise framing the inquiry. Circuit Court Rule 33, Title 7, Code 1940, Appendix; Harrison v. Baker, 260 Ala. 488, 493, 71 So.2d 284; Helms v. State, 34 Ala.App. 82, 37 So.2d 229.

This court has applied Rule 33 in a criminal case, saying:

"Many general objections were made to the introduction of evidence that was not patently illegal or irrelevant and the failure of due motions to exclude are not sufficient to present for review the action or ruling of the trial court. Circuit court rule 33, Code 1923, vol. 4, p. 906; Washington v. State, 106 Ala. 58, 17 So. 546. . . . ." Garrett v. State, 215 Ala. 224, 110 So. 23.

The Court of Appeals has said:

". . . . Of course, under this rule, when evidence offered is patently and palpably inadmissible for any purpose, a general objection is sufficient to justify its exclusion; and it is the correct practice when interposing even a general objection to predicate such objection on the grounds that it is illegal, incompetent, immaterial, and inadmissible. . . . ." Cox v. State, 21 Ala.App. 172, 106 So. 71.

In the instant case, defendant did not object to admission into evidence of several articles which were taken from defendant's automobile or to certain pictures of such articles, which were State's Exhibits numbered as follows, to wit:

31 and 32, pictures of two shotgun shells, one of which was taken from the automobile;

27, a Winchester shotgun;

33, picture of bolt of shotgun;

12, picture of defendant's automobile;

24, gun case;

20, gun cleaning kit;

18, automobile license plate No. 1A–37056;

19, yellow sack with a shell box partially filled with ammunition.

Defendant did object to admission of the following exhibits which were articles taken from defendant's automobile or pictures of such articles, to wit:

13, picture of grill of automobile showing foreign material behind the grill;

14, picture of inside of automobile with tape over the light control in the door;

15, picture of grill with material behind it;

16, picture of "ammo belt and the ammunition";

17, picture of spring on visor in automobile;

22, covering found over rifle that was located between grill and radiator;

23, gun case found with Higgins' shotgun located therein;

21, "ammo belt with ammunition therein";

25, rifle found between grill and radiator;

26, J. C. Higgins shotgun.

Grounds of objection were stated by defendant on three separate occasions as follows:

First: "They can accurately identify and describe what was there. . . . . this exhibit is prejudicial and is introduced for the purpose of prejudicing this jury, and if introduced into evidence it will prejudice this jury so that this man will not get a fair trial."

Second: ". . . . And we further want to bring to your Honor's attention that we made objection to identification of guns not used in this particular crime and in the photographs being introduced as being in this car, as being prejudicial."

Third: "We're going to object to that, your Honor, as being immaterial, irrelevant, has nothing to do with this case, and is offered for the purpose of prejudicing this jury."

Defendant did not repeat the grounds of objection as every exhibit was offered, but stated his grounds as the "same grounds" or "same objection."

 As a general rule, this court will not review the action of the trial court in admitting evidence unless the opposing party makes proper objection at the proper time. As already stated, under Rule 33, overruling objection to admission of evidence that is not patently illegal or irrelevant will not be considered an error unless the record shows that the grounds of objection were stated; but if the evidence is not legal for any purpose and cannot be made legal by other evidence or by otherwise framing the inquiry, a general objection should be sustained.

Defendant's objection to admitting into evidence the articles taken from defendant's car is a general objection and nothing more. Such an objection, however, is sufficient against admission of evidence that is patently illegal and cannot be made legal under the rule just stated. Harrison v. Baker, supra.

 Under the rule declared by the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, all evidence obtained by searches and seizures in violation of the Constitution is inadmissible in a state court. Under the rule declared in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, "searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible." The last cited case involved the admission of evidence taken from an automobile after defendant and his companions had been arrested and taken in custody to the police station and the car had been towed to the garage. The court held that the search was too remote in time or place to have been made as incidental to the arrest and, therefore, that the search of the car without a warrant failed to meet the test of reasonableness under the Fourth Amendment and rendered the evidence obtained as a result of the search inadmissible.

The court said:

"It is argued that the search and seizure was (sic) justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392, [34 S.Ct. 341, 344, 58 L.Ed. 652] (1914); Agnello v. United States, 269 U.S. 20, 30, [46 S.Ct. 4, 5, 70 L.Ed. 145] (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S. [132], at 158, [45 S.Ct. 280, at 287, 69 L.Ed. 543], and, to an extent depending on the circumstances of the case, to the place where he is arrested, Agnello v. United States, supra, 269 U.S., at 30, [46 S.Ct. at 5, 70 L. Ed. 145]; Marron v. United States, 275 U.S. 192, 199, [48 S.Ct. 74, 77, 72 L.Ed. 231] (1927); United States v. Rabinowitz, 339 U.S. 56, 61–62, [70 S.Ct. 430, 433, 94 L.Ed. 653] (1950). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime —things which might easily happen where the weapon or evidence is on the

accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. Agnello v. United States, supra, 269 U.S., at 31, [46 S.Ct. at 5, 70 L.Ed. 145]. . . . ." (376 U.S. at page 367, 84 S.Ct. at page 883)

 In the instant case, the search of defendant's automobile was conducted without a warrant. The search was made approximately twenty-four hours after defendant and his companion had been arrested. They were in jail at Selma, which is approximately fifty miles from Montgomery where the automobile was searched. Under the holding in Preston v. United States, supra, the search was not incidental to the arrest and evidence obtained as a result of the search was inadmissible because the search failed to meet the test of reasonableness under the Fourth Amendment. Under the rule of Mapp v. Ohio, supra, evidence so obtained is not admissible in a state court.

This rule has been applied to searches of automobiles in this state in McCurdy v. State, 42 Ala.App. 646, 176 So.2d 53, certiorari denied, 278 Ala. 710, 176 So.2d 57; and in York v. State, 43 Ala.App. 54, 179 So.2d 330, petition for certiorari stricken, 278 Ala. 714, 179 So.2d 333.

Forty-six years ago, with reference to evidence obtained in violation of the Fourth Amendment, the Supreme Court of the United States said:

". . . . The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. . . . ." Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319.

We do not know how the evidence obtained by the search of defendant's automobile in the case at bar is legal for any purpose or how it can be made legal by other evidence or by otherwise framing the inquiry. Since the articles obtained from defendant's automobile as the result of an illegal search were not admissible for any purpose, defendant's general objection to admission of such articles should have been sustained, and, for overruling the objection, the judgment is due to be reversed.

There was no error in admitting into evidence those articles from the automobile to which defendant did not object. Other errors insisted on will probably not occur on another trial.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.