[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 667 
William George Wabbington, the appellant, was indicted and convicted for robbery in the first degree in violation of Alabama Code Section 13A-8-41 (1975). He was sentenced as an habitual offender to a term of life without parole. Seven issues are argued on appeal.
 I
We find no variance between the averments of the indictment and the proof at trial. The indictment alleged "the theft of three (3) hams of the aggregate value of Thirty-Nine Dollars ($39.00)."
Arthur Lee Walker, the manager of Consumer Foods grocery store in Tarrant City, testified on cross examination that he did not tell the grand jury that "3 hams worth $39" were taken but only testified that "it was 3 kinds of hams."
At the close of the State's evidence, defense counsel made an oral motion for a judgment of acquittal. One of the grounds argued in that motion was that the State's evidence was insufficient because of the absence of any testimony before the grand jury as to the value and the number of hams stolen. On appeal, Wabbington argues that since the general rule is that a variance exists if matters alleged to be unknown to the grand jury were actually known to them, DeFranze v. State, 46 Ala. App. 283, 241 So.2d 125 (1970) (variance where indictment alleged description of money as being unknown where proof showed that description was in fact known by the grand jury), the reverse of that rule also constitutes a variance, and there is a variance if the proof shows that an allegation in the indictment was not known to the grand jury. The substance of this argument is that the State presented no legal evidence to the grand jury of the value and amount of property stolen. However, this contention is not the law in this state.
Where it appears that one witness was examined by the grand jury, public policy forbids inquiry into the sufficiency of the evidence before the grand jury. Loyd v. State, 279 Ala. 447,449, 186 So.2d 731 (1966); Hall v. State, 134 Ala. 90,32 So. 750 (1902). "(T)he general rule is that when competent witnesses are examined by the grand jury or the grand jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." Fikes v. State,263 Ala. 89, 97, 81 So.2d 303 (1955). A defendant may not ordinarily challenge an indictment valid on its face on the ground that the State presented insufficient evidence. Costellov. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408,100 L.Ed. 397 (1956); United States v. Short, 671 F.2d 178, 182-83
(6th Cir.), cert. denied, 457 U.S. 1119, 102 S.Ct. 2932,73 L.Ed.2d 1332 (1982). The weight or sufficiency of the evidence on which the grand jury acted in finding an indictment cannot be inquired into. Wright v. State, 421 So.2d 1324 (Ala.Cr.App. 1982). Here, the testimony shows that Walker told the grand jury that "3 kinds of ham" were stolen. Since he was a competent witness, the sufficiency of the evidence before the grand jury is not a proper subject of inquiry.
 II
Wabbington argues that the use of the aliases designated and alleged in the indictment was prejudicial and prevented him from receiving a fair trial. In this regard, the indictment charged "WILLIAM GEORGE WABBINGTON, alias RONNIE LEE WABBINGTON, alias WILLIAM GEORGE WEBBINGTON, alias RANDE WABBINGTON, alias LEON JONES, alias STANLEY WILLIAMS, alias ROBBINE *Page 668 
WABBINGTON, whose name is otherwise unknown to the grand jury."
Prior to trial, Wabbington filed a motion to strike the aliases. Although the trial judge overruled that motion, in his opening instructions to the jury he read the indictment omitting any reference to the aliases.
The motion to strike was renewed after the State had rested its case. At that time the trial judge stated:
 "I always resented putting all of these aliases in. There's not one iota of evidence about aliases in here. It's just a waste of time. It's a prejudicial thing. People get this aliases business in their mind and they think something. I'm going to grant the thing (motion to strike). I'm going to tell them it's struck. I'm not going to let the indictment go back with them"
When the assistant district attorney was making her closing arguments to the jury, the judge stated:
 "Ladies and Gentlemen, a motion has been made to eliminate and to strike and for you not to consider the aliases on this case. This is not going out anyway so it doesn't matter, but disregard the aliases. If you want to eliminate them it's alright with me."
After the judge had instructed the jury on the law they were to apply in the deliberations, defense counsel made the following objection to the verdict forms:
 "MR. PARKER: First, Judge, we object to the verdict forms. I understood you struck the aliases and then you used the name William George Wabbington which is one of the aliases.
 "THE COURT: That may be. That's the way it's listed in the indictment and that's why I used it.
 "MR. PARKER: All the evidence is that Ronnie Wabbington is the Defendant's proper name. We except that."
Before the jury retired to begin deliberations, the judge cautioned them:
 "Sometime yesterday, probably at the conclusion of the State's case, I told you to disregard all the aliases. I am retracting that and telling you this, the name of the Defendant is Ronnie Wabbington. Ronnie Wabbington is named as one name in the aliases, one of the aliases. The only name that's involved in this is the name of Ronnie Wabbington. Disregard all the others."
At the hearing on the motion for new trial, Wabbington proved that there had been no testimony offered of any aliases before the grand jury. The general rule is that it is not necessary for the evidence to show that the defendant was known or called by his unnecessarily alleged aliases, where the defendant is identified by proof as to one name designated in the indictment. Hogan v. State, 346 So.2d 1184, 1187 (Ala.Cr.App. 1977). The rule on the use of aliases in the indictment was stated in United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976).
 "If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted. . . . However, if the prosecution either fails to offer proof relating to the alias or alias, though proven, holds no relationship to the acts charged, a motion to strike may be renewed, the alias stricken and an appropriate instruction given the jury." (citations omitted).
See also Harris v. State, 48 Ala. App. 723, 725, 267 So.2d 512
(1972).
Although the use of aliases in some cases may be permissible and even necessary, the practice of using aliases not relevant to identifying the defendant has been criticized.
 "We strongly disapprove the practice of including aliases in indictments. As the court stated in Petrilli v. United States, 129 F.2d 101, 104 (8th Cir. 1942), cert. denied, 317 U.S. 657, 63 S.Ct. 55, 87 L.Ed. 528 (1942), `The preliminary reading of the aliases in an indictment is not a practice which should be encouraged in an *Page 669 
ordinary criminal prosecution, but rather one which should be curbed.' Only when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial." United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972).
However, even where the prosecution does not offer proof of the aliases, and "it appears that the principal use to which the aliases were put was to indicate to the jury that people who use aliases are inherently suspect", error with respect to the use of the aliases in the indictment or the prejudicial effect of the prosecution's references to all the aliases may not warrant a reversal in view of the strength of the evidence against the defendant. Wilkerson, 456 F.2d at 59.
We find that the mere use of aliases in the indictment, although subject to criticism, is not always so inherently prejudicial as to warrant a reversal. Although the State did not show that the aliases were material in identifying Wabbington, it does not appear from the record that the prosecutor attempted to draw inferences prejudicial to Wabbington in her argument to the jury. The particular aliases used in the indictment carried no incriminating or corrupt connotation. The trial judge instructed the jury to disregard the aliases and the jury did not see the indictment. The State presented a solid case based on eyewitness identification. Considering all these factors, we find that the use of the aliases in the indictment is not a basis on which to predicate a reversal in this case.
 III
The trial judge refused to give Wabbington's written requested charges concerning "identification and reasonable doubt of the accuracy of the witnesses' testimony."[1]
The trial judge carefully and clearly instructed the jury on their duty to judge the credibility of each witness and determine whether or not they could "believe" each witness. With reference to the issues presented in requested charges 1, 2, and 14, he specifically charged that if they had a reasonable doubt that the identification was wrong they should find the defendant not guilty. Covering the material in requested charge number 5, the judge charged that the jury may consider any contradictory statements a person may have made in determining the weight and credibility of a witness. Where the import and intent of a defendant's requested charge are covered in the oral instructions of the trial judge, the refusal of the requested charge does not constitute reversible error even though the oral charge is not in the actual language of the request. White v. State, 410 So.2d 135, 136 (Ala.Cr.App. 1981). "The oral charge need not state the legal principle exactly as it appears in the requested charge. The principle expressed in the requested charge need only be fairly and substantially covered in the trial court's oral charge." Tyson v. State,361 So.2d 1182, 1188 (Ala.Cr.App. 1978).
 IV
Wabbington's requested charge number 6 stated, in substance, that the *Page 670 
jury could not convict if they found that the circumstances only led to a suspicion of the defendant's guilt. The trial judge charged the jury on circumstantial evidence and reasonable doubt. The judge charged that the defendant should not be convicted "unless the evidence excludes to a moral certainty every reasonable conclusion but that of the Defendant's guilt." We think that this was sufficient. Tatum v.State, 20 Ala. App. 24, 100 So. 569 (1924).
 V
Wabbington's requested charge number 19 stated, in substance, that, notwithstanding the defense of alibi, the burden of proof does not shift from the State. This charge was properly refused.
Instructions which place the burden on the accused to prove alibi are improper and should not be given. Ragland v. State,238 Ala. 587, 591, 192 So. 498 (1939). Here, the trial judge instructed the jury on alibi and at the conclusion of his charge on that subject instructed that "this in no way puts any burden on the Defendant. The burden is on the State throughout this case to convince you beyond a reasonable doubt."
 VI
In cross examining two State witnesses, defense counsel used a transcript of a "prior hearing" in an attempt to impeach the witnesses' trial testimony. In the jury's presence, the prosecutor asked defense counsel if she could see the transcript. Wabbington argues that this request constitutes prosecutorial misconduct that required a mistrial. This was a matter within the sound discretion of the trial judge which will not be overturned unless palpably erroneous. Brinnon v.State, 376 So.2d 769, 772 (Ala.Cr.App.), cert. denied, Ex parteBrinnon, 376 So.2d 772 (Ala. 1979). We find nothing improper in the prosecutor's conduct. Pate v. State, 415 So.2d 1140 (Ala. 1981).
 VII
A prior felony conviction which occurred before the effective date of the Habitual Felony Offender Act is properly used to enhance punishment. James v. State, 405 So.2d 71, 74
(Ala.Cr.App. 1981). At the sentencing hearing the State introduced five prior convictions involving controlled substances, burglary (auto), grand larceny (2), and forgery. Wabbington's sentence to life without parole does not constitute cruel and unusual punishment under Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983), when the proportionality analysis under the Eighth Amendment is guided by the objective criteria set out therein including "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Considering the fact that the present appeal is from a conviction of armed robbery, we find that the sentence is not constitutionally disproportionate.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The written charges Wabbington requested were:
 "1. The Court charges the jury that if the guilt of the Defendant depends upon the testimony of the State witness; and there is a reasonable doubt of the accuracy of this witness's testimony, then you cannot convict the Defendant."
 "2. The Court charges the jury that you are not authorized to find a verdict of guilt on the testimony of a single witness if there is a reasonable doubt as to the accuracy of the witness's testimony."
 "5. The Court charges the jury that if you find from the evidence that any witness has made contradictory statements as to the material facts in this case, or any of such facts, you may look to these contradictory statements in order to determine what credence you will give to the testimony of said witness."
 "14. The Court charges the jury that if there is a reasonable doubt as to the identification of the Defendant as the person who committed the offense alleged in the Indictment, then you cannot convict the Defendant."