I respectfully dissent on three grounds. Because the main opinion, in substance, simply affirms the decision of the Court of Criminal Appeals, this dissent will necessarily refer to the opinion issued by the Court of Criminal Appeals.
My first ground of dissent is that the trial court erred to reversal in admitting DNA evidence based on a sample of the defendant's blood seized from his body without probable cause. Neither the State nor the Court of Criminal Appeals so much as contends that the State had probable cause to seize the defendant's blood. Rather, the State and the Court of Criminal Appeals rely on the Alabama statutes authorizing the seizure of inmates' blood for the purpose of accumulating a DNA database. The State contends, and the Court of Criminal Appeals holds, that the defendant had no right to refuse the seizure of his blood.
The issue is whether the State may, without probable cause, seize a citizen's blood from his body to investigate his suspected involvement in a crime. The Fourth Amendment to the United States Constitution reads:
 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
(Emphasis added.) The Fourteenth Amendment to the United States Constitution applies the Fourth Amendment to the states. Mapp v. Ohio, 367 U.S. 643 (1961); Wolf v. Colorado, 338 U.S. 25 (1949). Section 5 of the Declaration of Rights in the Alabama Constitution of 1901 reads:
 "That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."
(Emphasis added.) Evidence seized in violation of these constitutional provisions is inadmissible. Ex parte Tucker,667 So.2d 1339 (Ala. 1995); Ex parte W.T.K., 586 So.2d 850 (Ala. 1991); Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966); Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965).
The Court of Criminal Appeals opines that the investigatory interests of the State outweigh the defendant's constitutional right against the seizure of his blood without probable cause. This holding by the Court of Criminal Appeals defies the very concept of a constitutional protection, which is that it protects the defendant from certain specified state action even though the state may be pursuing a recognized state interest. See, e.g., Memorial Hosp. v. Maricopa County, 415 U.S. 250 (1974); Dunn v. Blumstein, 405 U.S. 330 (1972); Brown v. State, 42 Ala. App. 429,435, 167 So.2d 281, 287 (1964). A constitutional protection is an exception to the otherwise plenary power of the State to pursue its interests. Craig v. Boren, 429 U.S. 190 (1976); Ex parte DeBruce, *Page 780 651 So.2d 624, 638 (Almon, J., dissenting); Brown v. State, supra; First Avenue Coal Lumber Co. v. Johnson, 171 Ala. 470,472-73, 54 So. 598, 599 (1911).
On the one hand, the State may succeed in solving certain cases by violating Constitutional limitations on the State. On the other hand, if the courts do not enforce Constitutional limitations on the State, the people will not have limited government.
The gravamen of my second ground of dissent is the prosecutor's remark, "Let [the defendant] testify." The prosecutor made this remark in an objection to a question asked a witness by defense counsel. The trial court erred in denying the defendant's motion for a mistrial and in giving an inadequate curative instruction. Ex parte Wilson, 571 So.2d 1251, 1265
(Ala. 1990), sets the minimum requirements for a curative instruction:
 "`We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt.'
 "A curative instruction in a situation of this type, to be of any value, must be given immediately after the harmful statement is made. Further, where there can be any reasonable doubt as to the particular statement in question, the statement should be explicitly identified to the jury so that it can know what must not be considered. Anything less can in no way cure the error."
(Emphasis added.) Ex parte Wilson, 571 So.2d at 1265, quoting Whitt v. State, 370 So.2d 736, 739 (Ala. 1979). (Citations omitted.) The curative instruction given by the trial court omits the required statement that the jury could not draw any inference from the defendant's failure to testify. Rather, the curative instruction, in its entirety, reads:
 "THE COURT: Ladies and gentlemen of the jury, there was a statement made by the Prosecution, [and] an objection by the Defense, which was sustained. The remark, and I'm not sure in which manner it was intended, but it basically said, `Let him testify.' It can be taken several ways, but such remarks are improper, and the jury should disregard that remark by Mr. Valeska. Statements of counsel, as I told you, are not any evidence in this case and should not be used by you or considered by you as evidence. Under the law, the Defendant has the privilege to testify in his own behalf or not. He cannot be compelled to testify against himself, and . . . no presumption of guilt or innocence of any kind should be drawn from his failure to testify."
(Emphasis added.) While the trial judge did caution the jury not to draw any "presumption of guilt or innocence" from the defendant's failure to testify, the defendant was more imperiled by the likelihood that the jury would draw an adverse inference, a much more common legal and mental operation. The prosecutor's comment was both flagrant and prejudicial, and the curative instruction was inadequate, even by the minimum standard allowed by Ex parte Wilson.
The gravamen of my third ground for dissenting is the prosecutor's remark, in closing argument, that the defendant "couldn't keep the stories straight in prison." The prosecutor gratuitously injected this remark in flagrant violation of the trial judge's concerted and repeated instructions *Page 781 
not to mention the defendant's being in prison for an unrelated conviction. The only exception to the trial judge's prohibition on counsel in this regard was an allowance for testimony regarding taking the defendant's blood sample in prison. The exception did not include or allow the prosecutor's argument that the defendant "couldn't keep the stories straight in prison," and no one had previously mentioned the defendant's prison incarceration to the jury. The trial judge erred by denying the defendant's motion for a mistrial and giving an inadequate curative instruction. The curative instruction was, in essence, simply the standard instruction that the lawyers' arguments are not evidence. This curative instruction accomplished nothing toward unringing the bell wrongfully rung by the prosecutor.
We should not affirm the treatment of these issues by the opinion of the Court of Criminal Appeals. Rather, these errors by the trial court so prejudiced the defendant that we should reverse.