I agree with the majority's resolution of all of the issues in the unpublished memorandum in this case. I write specially only to address Issue II, in which the majority *Page 416 
questions whether Mark Anthony Partain preserved for review his arguments regarding the trial court's failure to strike aliases from the indictment and the court's failure to give a curative instruction. The majority correctly notes that Partain did not request a curative instruction after the trial court read the indictment, including the aliases, to the jury; Partain's claim as to that issue is not preserved. However, I believe that Partain's numerous requests to the trial court that the aliases be struck from the indictment, and the various grounds stated in support of the requests, sufficiently informed the trial court of the objection and the reasons for it. Therefore, I believe that issue was preserved for review.
Nonetheless, I agree that Partain is not entitled to relief on the claim because, as the trial court correctly states, Alabama cases have held that the use of aliases in an indictment is not so inherently prejudicial as to require a reversal in all cases.Wabbington v. State, 446 So.2d 665 (Ala.Crim.App. 1983). The practice of using aliases in indictments, however, has been strongly criticized. 446 So.2d at 668-69. That criticism is well-founded, and the use of aliases not relevant to identifying the defendant should be avoided.
Based on the foregoing, I concur specially with the majority's unpublished memorandum. *Page 1060