BASCHAB, Presiding Judge.
Pursuant to a negotiated agreement, the appellant, Jarvis Lamar Bridgett, pled guilty to first-degree unlawful possession of marijuana for other than personal use, a violation of § 13A-12-213(a)(l), Ala.Code 1975. The trial court sentenced him to serve a term of five years in prison, but suspended the sentence and ordered him to serve three years on probation. The appellant did not file any post-judgment motions. This appeal followed.
The appellant argues that the trial court erred in denying his motion to suppress.[1] During the suppression hearing, Investigator Shane Killingsworth of the Huntsville Police Department testified that he and other officers responded to a domestic violence call at the home of the appellant’s girlfriend, Gloria Curian; that the appellant told them he wanted to pack a bag and leave; and that, while the appellant was upstairs packing, Curian told the officers that there were guns in the bedroom. At some point, officers retrieved a key from the appellant’s jacket pocket and discovered a lockbox under the bed where Curian told them to look for the guns. Killingsworth testified that the appellant stated that the lockbox was his, stated that the key would not open it, and that he would not mind if the officers tried to open it with the key. When they opened the lockbox, the officers found marijuana.
The appellant specifically contends that the officers improperly obtained the key they used to open the lockbox that contained marijuana. The State argues that the relevant issues are confined to the fact that the appellant consented to use of the key to open the lockbox.
*1056 “All evidence obtained by a search that is conducted in violation of the Constitution of the United States is inadmissible in a state court. Mapp v. Ohio, 367 U.S. 648, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Loyd v. State, 279 Ala., 447, 186 So.2d 731 (1966). The Fourth Amendment to the Constitution of the United States bans all unreasonable searches. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Whether a search is unreasonable depends upon the facts and circumstances of the particular case. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Warrantless searches are per se unreasonable unless they fall within a recognized exception. Ex parte Hilley, 484 So.2d 485(Ala.1985). Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry ‘stop and frisk’ situation. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (Ala.1973). Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception. Kinard v. State, 335 So.2d 924 (Ala.1976).”
Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.1995).
 It also is well established that “ ‘[conflicting evidence given at [a] suppression hearing presents a credibility choice for the trial court.’ Atwell v. State, 594 So.2d 202, 212 (Ala.Crim.App. 1991), cert. denied, 594 So.2d 214 (Ala. 1992). ‘[A] trial court’s ruling based upon conflicting evidence given at a suppression hearing is binding on this Court, and is not to be reversed absent a clear abuse of discretion.’ Jackson v. State, 589 So.2d 781, 784 (Ala.Crim.App. 1991) (citations omitted).”
Rutledge v. State, 651 So.2d 1141, 1144-45 (Ala.Crim.App.1994).
By denying the appellant’s motion to suppress, the trial court, at least implicitly, made the credibility determination that the appellant did indeed consent to the use of the key to open the lockbox. In his brief to this court, the appellant does not challenge the State’s claim that he consented to the actual search of the lockbox. Therefore, we conclude that the appellant consented to the officers’ using the key to open the lockbox and that the trial court did not err in denying his motion to suppress. Accordingly, we affirm the trial court’s judgment.
AFFIRMED.
McMILLAN, SHAW, and WISE, JJ., concur.
WELCH, J., dissents, with opinion.

. When he entered his guilty plea, the appellant specifically reserved the right to raise this argument on appeal.