# North Alabama Traction Co. *v.* Taylor.

## *Injury to Passenger.*

(Decided Dec. 19, 1911.   57 South. 146.)

1. *Evidence; Opinion; Conclusion.*—Questions as to whether a car was not running slowly enough for a woman to get off in safety, and if plaintiff did not change her mind about alighting, called for the mere opinion or conclusion of the witness, and were properly excluded.

2. *Negligence; Contributory Negligence; Burden of Proof.*—Where the action was for negligent personal injury, and contributory negligence as well as the general issue was pleaded, allegations in the complaint, that plaintiff used due and proper care does not affect the rule placing the burden of proving contributory negligence on defendant.

3. *Carriers; Passengers; Instruction.*—An instruction that plaintiff could not recover if, after a careful consideration of all the evidence, an individual juror was satisfied by any material part of the evidence that she ought not to recover, is properly refused.

4. *Appeal and Error; Insistence; Briefs.*—Rule 10, Sup. Ct. Pr. is not complied with by submitting a single proposition dealing in a summary way with several rulings involving different propositions.

5. *Charge of Court; Covered by Those Given.*—The trial court will not be put in error for refusing instructions substantially covered by requested instructions given.

6. *Same; Invading Province of Jury.*—Where the action was for damages for injury to a passenger, a charge asserting that it was negligent for one of plaintiff's age to attempt to alight from a moving car, if she attempted to do so, and if such attempt caused her injuries was properly refused as invading the province of the jury, where the evidence as to whether plaintiff's acts were contributory negligence or not presented a question for the jury.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Laura Taylor against the North Alabama Traction Company for damages for injury while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The two questions propounded to Zella Coleman on cross-examination were: "(1) She started to get off

[North Alabama Traction Co. v. Taylor.]

while it was not running slow enough for a woman to get off in safety, is that right? (2) Isn't it a fact that when the car stopped she was going down to the next corner, and changed her mind after the car stopped again?"

The following charges were refused the defendant: (2) Affirmative charge as to the first count. (3) Same as to the second count. (9) "The plaintiff cannot recover damages in this case if, after a careful consideration of all the evidence, an individual juror is satisfied by any material part of the evidence that she ought not to recover damages." (5) "It was negligence on the part of the plaintiff at her age to attempt to get off a moving car, if you believe from the evidence she did so attempt; and if you further believe that from said attempt the injury to her thereby resulted, this was negligence on her part, for which she is not entitled to recover in this action."

JOHN C. EYSTER, for appellant. Counsel discusses the questions presented in a summary manner, and insist that the case should be reversed on the authority of *McDonald v. Mont. St. Ry.*, 110 Ala. 173.

WERT & LYNNE, for appellee. Brief for appellant in this case is violative of rule 10, Sup. Ct. Pr., and does not amount to such an insistence as requires a treatment of the subjects therein discussed.—*Williams v. Spragins*, 102 Ala. 424; *W. U. T. Co. v. Benson,* 48 South. 719; *Mont. St. Ry. v. Hastings,* 138 Ala. 432. As the questions were answered there was no error in overruling objections to them. The appellant was not entitled to the affirmative charge on the second count. —*McDonald v. Mont. St. Ry.*, 110 Ala. 161. Charge 9 was misleading and properly refused.—*L. & N. v. Sullivan,* 126 Ala. 103; *Coghill v. Kennedy,* 119 Ala. 641.

The other charges. were properly refused.—*H. A. & B. R. R. Co. v. Burt,* 92 Ala. 296; *B. U. R. Co. v. Smith,* 90 Ala 63; *B. R. & E. Co. v. Wildman,* 119 Ala. 554.

WALKER, P. J.—The complaint attributes the injury complained of to the alleged negligence of the defendant's (appellant here) employee or employees in charge of a street car on which the plaintiff was a passenger in starting the car while the plaintiff was in the act of alighting. The defendant pleaded the general issue and also contributory negligence on the part of the plaintiff.

The rulings of the court in sustaining objections by the plaintiff to two questions propounded to plaintiff's witness Zella Coleman on cross-examination are assigned as errors. Each of those questions called for a mere deduction or opinion of the witness, and it was not error to sustain the objections interposed to them.

It is suggested that written charge 2 requested by the defendant should have been given, because of the absence of proof to sustain the allegation of count 1 of the complaint that the plaintiff was "exercising all due and proper care on her part." Under the evidence, it was a question for the jury whether such was the fact. Besides, it seems that when contributory negligence, as well as the general issue, is pleaded, such an averment in the complaint does not change the burden of proof, and that in such case a defendant who sets up and relies on the defense of contributory negligence has the burden of proving that defense.—*McDonald v. Montgomery Street Railway,* 110 Ala. 161, 177, 20 South. 317.

The only reason advanced by counsel for the appellant for imputing error to the refusal to give charge 3 requested in its behalf is that there was an absence of

[North Alabama Traction Co. v. Taylor.]

proof to sustain the allegation of the second count of the complaint in reference to the conductor's signaling the car to start. This claim is not founded in fact. There was proof in support of the allegation referred to.

There was no error in the refusal to give charge 9 requested by the defendant. That charge was susceptible of conveying the impression that the plaintiff's right to a recovery did not depend upon the findings by the jury on the issues of fact submitted to them, but might be defeated if a juror was satisfied from the evidence that "she ought not to recover," without regard to whether the law, as applicable to the facts as found from the evidence, would justify such a conclusion.

In the brief of the counsel for the appellant, it is stated that "charges 12, 13, 17, 18, 19, 21, and 24 should have been given;" and the only proposition advanced in support of this assertion is that "a reasonable time is all that is required of defendant to allow passengers to make up their minds as to whether they will get off, or remain in the car." The charges mentioned, considered together, involved several separate and distinct propositions. This summary method of dealing with a number of rulings involving different propositions is not a compliance with the requirement of the rule governing the method of preparing a brief in behalf of the appellant that each ground of error insisted on be "separately presented and numbered in proper order" (Civil Code 1907, p. 1508, rule 10), and cannot be regarded as such an insistence in argument on the assignments of error so referred to as to put upon the court the duty of reviewing the several rulings thus merely called to its attention.—*Harper v. Raisin Fertilizer Co.,* 148 Ala. 360, 42 South. 550; *Hodge et al. v. Rambo,* 155 Ala. 175, 45 South. 678. Besides, it is apparent at a glance that some of the charges embraced in the one

sweeping imputation of error were properly refused on the authority of the ruling in the case of *Highland Avenue & Belt R. Co. v. Burt,* 92 Ala. 291, 9 South. 410, 13 L. R. A. 95, as to the duty of the conductor of a street car to see and know, before starting the car again after it has stopped, that no passenger is in the act of getting off or on, or otherwise is in a perilous position.

The appellant cannot complain of the refusal of the court to give charges 11, 17, and 25, as it had the benefit of the propositions embodied in those charges under other written charges given at its instance.

Charge 15 requested by the defendant was properly refused, as being an invasion of the province of the jury. The evidence in the case was such as to make it a question for the jury whether an attempt by the plaintiff to alight from a moving street car constituted negligence on her part.—*Watkins v. Birmingham Railway & Electric Co.,* 120 Ala. 147, 24 South. 392, 43 L. R. A. 297.

Affirmed.