# Mitchell *v.* Bland.

## *Trespass and Trover.*

(Decided November 10, 1914. Rehearing denied January 12, 1915.
67 South. 800.

1. *Pleading; Demurrer.*—A demurrer to a part of a count is not sufficient.

2. *Appeal and Error; Review; Rulings on Motion.*—The proper method to review the sufficiency or competency of evidential averments of a complaint is by objection to evidence and requested instruction; rulings on motion to strike such averments will not be reviewed on appeal.

3. *Same; Exceptions; Sufficiency.*—Exceptions must point out specifically the matters sought to be presented, and objections thereto must be as specific, and where they are general and indefinite, as in this case, they present nothing for review.

4. *Same.*—Exceptions not showing when they were taken present nothing for review.

5. *Same; Ruling of Court.*—Exceptions not showing any ruling of the court, and based on motions to exclude evidence or objections to evidence, not assigning any ground, present no question for review.

6. *Same; Assignment.*—The refusal of instructions copied in the record but not incorporated or mentioned in the bill of exceptions, cannot be made the basis of assignments of error.

Appeal from Gadsden City Court.

Heard before Hon. John H. Disque.

Trespass and trover by Pearl Bland against W. J. Mitchel. Judgment for plaintiff and defendant appeals. Affirmed.

Hugh H. White and J. S. Franklin, for appellant. A general objection is sufficient where the evidence offered is illegal or irrelevant upon its face.—*Pool v.*

*Devers,* 30 Ala. 672; *Richards v. Bestor,* 90 Ala. 352. Evidence to which this objection was interposed was patently illegal and irrelevant.—*L. & N. R. R. Co. v. Binion,* 107 Ala. 652. Counsel discuss other assignments of error with citation of authority, but in view of the opinion it is not deemed necessary to set them out.

McCord & Davis, for appellee. The motion to strike certain elements of damage from the complaint is not the proper method of raising that question.—*Cassells Mills v. Strater Bros.,* 166 Ala. 274. The objections to evidence from the exceptions interposed were too general and indefinite to present any question for review on appeal.

CRUM, J.—The only assignments of error relating to rulings of the trial court on the pleadings are in each instance to the effect that the court erred in not sustaining certain subdivisions of certain counts "of defendant's motion and demurrer." The defendant had moved the court to strike from one of the counts of the complaint certain averments intended as elements of damage. At the foot of this motion is written: "Defendant also assigns the above grounds as demurrers to the sufficiency of said count." The motion and the demurrer were at the same time severally overruled. Unless there was error in each of these rulings, the assignments of course, cannot prevail.

It has been repeatedly held that such rulings on similar motions would not be reviewed; that the question must be presented by objections to the evidence or by requesting charges to the jury.

The demurrer, having been addressed, as it was, to a part of the count, was manifestly properly overruled. We do not, however, deem the averments pointed out at all inappropriate to the action.

The rulings with respect to admission and rejection of evidence sought to be made the basis of assignments of error cannot be considered. As shown by the bill of exceptions, the objections and exceptions are entirely too general and indefinite. For illustration, the bill recites: "Plaintiff objected and moved to exclude about merchandise. Motion and objection sustained. Defendant excepted."

And following a series of answers: "Defendant objected to the question and answer concerning the changing of the name on the account book. Overruled. Defendant excepted."

It does not appear when the exception was taken. For aught appearing, construing the bill most strongly against the appellant, it may have been taken at some subsequent time during the progress of the trial. Nor does it appear, except perhaps in one instance, that there was any ruling by the court upon the questions presented, and in none of appellant's motions to exclude or objections to the evidence were there any grounds assigned. The particular evidence to which objection was made, and upon which the ruling of the court was invited, was not sufficiently pointed out. The trial court cannot thus be put in error.

The giving of two special charges, requested presumably by appellee, is assigned as error. While these charges were by the clerk copied in the record, they are not incorporated or mentioned in the bill of exceptions, and hence their refusal cannot be made the basis of assignments of error.—*Alabama Construction Co. v. Wagnon Bros.,* 137 Ala. 388, 34 South. 352.

We have, notwithstanding what has been said, carefully examined the entire record in this case, and we are clearly of the opinion that no substantial right of appellant was in any manner injuriously affected by

any ruling of the trial court of which he seeks to complain.

Affirmed.