## Gorden *v.* The State.

### *Violating Prohibition Law.*

(Decided February 11, 1915.  67 South. 800.)

*Intoxicating Liquors; Jury Question.*—The evidence in this case examined and held not sufficient to overcome the presumption of innocence, and hence not to require a submission of the question of the guilt or innocence of the defendant to the jury, and therefore not to support a conviction.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Jim Gorden, etc., was convicted of violating the prohibition law, and he appeals.  Reversed and remanded.

TIDWELL & SAMPLE, for appellant.  Under the evidence in this case, the defendant was entitled to the affirmative charge.—*Perry v. State*, 56 South. 683; *Jones v. State*, 90 Ala. 630; *Oldacre v. State*, 59 South. 715; *Starkes v. State*, 64 South. 158; *McComb City v. Hill*, 56 South. 346; *Minter v. City of Jackson*, 57 South. 549; *Stansberry v. State*, 53 South. 783.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—It was shown by the state's evidence in this case that the defendant had been to a "wet" town, where the beverages prohibited under the laws enacted to suppress the evils of intemperance are legally

[Gorden v. The State.]

sold; that he was returning to his home, located in a "dry" town, where such beverages were not legally sold, and carried with him 13 pints of whisky and 6 bottles of beer in a suit case, and had in his pocket a half-emptied bottle of whisky and a whisky glass, all of which he had procured in the town nearest his home where such liquors were legally sold. An officer stopped him while directly en route from the "wet" town to his home in the "dry" town, searched him and the suit case, with the result that in the suit case and on his person the above-stated amount of whisky and beer was found. This was the substance of the state's evidence. The defendant as a witness in his own behalf testified that when stopped and searched he had been to the "wet" town to buy the whisky and beer for his personal consumption; that the dealer from whom he bought it gave him the glass as lagnappe; that he had never sold prohibited beverages of any kind, and never offered for sale or kept for sale such liquors. This was the substance of the defendant's testimony.

We think the court was in error in refusing the general charge requested by the defendant. The defendant had a right to buy at a regular dealer's, where it is not unlawful to sell such liquors, and carry to his own home for his personal consumption, the quantity shown by the evidence in this case that he had purchased and was carrying to his home. There is nothing in the quantity or packages he is shown to have had that, under the circumstances, furnishes an inference that the liquor was purchased to be kept for illegal use or disposition. There was no other evidence to support an inference of the defendant's guilt of the offense charged. The facts proven not being sufficient to overcome the prima facie presumption of the defendant's innocence, it was error to refuse the general charge requested in his behalf, and

the judgment of conviction must be reversed.—See *Perry v. State,* 11 Ala. App. 195, 65 South. 683, and authorities there cited.

Reversed and remanded.