163 So.2d 641.

**Henry Vester GRANBERRY**

v.

**James P. GILBERT.**

**4 Div. 144.**

Supreme Court of Alabama.

April 16, 1964.

———◆———

Carl S. Farmer, Abbeville, and J. Hubert Farmer, Dothan, for appellant.

Halstead & Whiddon, Headland, and Lee & McInish, Dothan, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff in an action for personal injury and property damage sustained by plaintiff in an automobile collision.

Defendant argues first his assignment of error 4 which recites as follows:

"4. The trial court erred in overruling the objections of defendant below, appellant herein, to the testimony of Dr. W. E. McDavid Jr., a witness for plaintiff below, appellee herein. (Transcript page 38)"

We copy that part of the examination of Dr. McDavid which defendant sets out in his brief, to wit:

"Q  Doctor, did you refer Mr. Gilbert (plaintiff) to a neuro-surgeon?

"A  Yes, sir. ·

"MR. FARMER: We object

"THE COURT: Overrule the objection for the present.

"Q  Did you have a report from the neuro-surgeon?

"A  Yes, sir.

. "Q  Is there any finding or information of any medical knowledge you have now that changed your diagnosis with reference to the brain concussion with possible permanent injury?

"MR. FARMER: We object, if the Court please?

"THE COURT: What are your grounds?

"MR. FARMER: He asked him if he had some kind of written report or something, and on the knowledge, did he change his idea about it.

"THE COURT: He said did he have anything to change his opinion from what he originally had. He included in that question, if he had received any report . . ..

"THE COURT: He hasn't asked him what was in that report.

"MR. FARMER: I know he didn't but I think the question is subject to interpretation or construction that is based on some kind of report.

"THE COURT: As I understand, he asked two questions: He asked did he have some report from the neuro-surgeon to whom he referred the patient and he said. yes. Then, he asked the question, did he have any information that caused him to change his original opinion as to his condition or in-

jury, is that in substance, the last question?

"MR. HALSTEAD: Yes, sir.

"THE COURT: And that is what you objected to?

"MR. FARMER: The last question, yes, sir.

"THE COURT: Overrule your objection.

"MR. FARMER: We except.

"A No, sir." (Par. Added.)

Defendant argues that the court erred in permitting the witness to testify as to what were, in substance and effect, the findings and conclusions of another physician, contrary to the rule of Hussey v. State, 87 Ala. 121, 6 So. 420, and Clark v. Hudson, 265 Ala. 630, 93 So.2d 138.

Plaintiff replies that, under Circuit Court Rule 33, the court, before ruling on any objection to testimony, may call on the objector to specify his grounds; and that, in reviewing the ruling on the objection, the appellate court "must consider *only* the grounds of objection which are shown to have been *clearly* specified." (Emphasis Supplied.)

In Dr. McDavid's testimony, defendant objected to two questions. As we understand defendant's argument, he says that, by the last question, plaintiff obtained from the witness an indirect statement that another doctor agreed with the witness, thus violating the rule against hearsay. The defendant, however, when called on by the court to state his grounds, did not clearly state as one of his grounds that the question called for hearsay.

■ At the most, defendant can be credited with interposing the so-called general grounds of objection to a question, that is, that the question calls for testimony which is not legal for any purpose and cannot be made legal by other evidence or by otherwise framing the inquiry. Louisville & Nashville R. Company v. Scott, 232 Ala. 284

[17], 167 So. 572; Harrison v. Baker, 260 Ala. 488, 71 So.2d 284.

■ Defendant's objection and argument were directed to the last question, that is, whether the witness now has any finding or information that changed his diagnosis. We do not think that the question called for testimony that would be illegal for any purpose. Except for the implied reference to the report of the neuro-surgeon, defendant does not insist that it is illegal or incompetent for a physician to testify that he has no information to cause him to change his diagnosis.

" . . . . The objection was general, or, if specific, did not specify the ground covering the objectionable feature of the evidence introduced. A general objection, 'because the same was illegal, irrelevant, and incompetent,' cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. Sanders v. Knox, 57 Ala. 83. . . . " Bufford v. Little, 159 Ala. 300, 303, 48 So. 697, 698.

Nowhere did defendant object to either question on the ground that it called for hearsay. Defendant now contends that the evidence was inadmissible because it was hearsay.

In C. C. Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 135, 107 So. 73, 75, this court held that an objection to evidence on the ground that it was " 'illegal, irrelevant, and immaterial, and because it called for a conclusion,' " operated as a waiver of the objection as for hearsay, although: "This testimony was undoubtedly objectionable, because it was but hearsay . . . ."

■■ In the case at bar, we hold that defendant did not specify the ground that the question called for hearsay, and so defendant waived that ground of objection. Having waived it on the trial, defendant cannot now raise the objection that the evidence complained of was hearsay, and, un-

der Circuit Court Rule 33, we are forbidden to consider that ground. Assignment 4 is not sustained.

 Defendant's second argument is that the court erred in refusing his requested Charge B, which recites:

"The court charges the jury that the plaintiff cannot recover damages in this case if, after a fair consideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that he ought not to recover damages."

To support this argument, defendant cites Louisville & Nashville R. Company v. Steverson, 220 Ala. 158, 124 So. 205, where the sole ground for reversal was refusal of the following charge:

" '8. If any of your number is not reasonably satisfied from the evidence that the plaintiff is entitled to recover, you can not find a verdict for plaintiff.' "

Defendant cites also Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, where this court held it not error to give the following charge:

" '9. I charge you, gentlemen of the jury, that if, after a consideration of all the evidence in this case the mind of any one or more of the jury is not reasonably satisfied that the plaintiff is entitled to recover, you cannot return a verdict in favor of the plaintiff and against the defendant.' "

Charge B in the instant case, however, is not the same charge which was approved in either of the two last cited cases. The refused charge here appears to be the same as charge 9 which was refused to defendant in North Alabama Traction Co. v. Taylor, 3 Ala.App. 456, 57 So. 146. The Court of Appeals said:

"There was no error in the refusal to give charge 9 requested by the defendant. That charge was susceptible of conveying the impression that the plaintiff's right to a recovery did not depend upon the findings by the jury on the issues of fact submitted to them, but might be defeated if a juror was satisfied from the evidence that 'she ought not to recover,' without regard to whether the law, as applicable to the facts as found from the evidence, would justify such a conclusion." (3 Ala.App., at page 459, 57 So., at page 147)

We are of opinion that the reasoning of the Court of Appeals is correct and that defendant's Charge B was refused without error in the case at bar.

Since error has not been shown, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.