235 So.2d 813

**Ann GILMER, a Minor, etc.**

**v.**

**Joseph SALTER.**

**3 Div. 446.**

Supreme Court of Alabama.

May 15, 1970.

Windell C. Owens, Monroeville, for appellee.

Tipler, Fuller & Melton, Andalusia, for appellant.

McCALL, Justice.

This action was brought by Ann Gilmer, a minor, fifteen years of age, pro ami, claiming damages for personal injuries, proximately resulting allegedly from the negligent operation of a pickup truck by the defendant Joseph Salter. After the court overruled the defendant's demurrer to the single count in simple negligence, the defendant pleaded "in short by consent."

When the rear end collision complained of occurred, the plaintiff was a passenger riding on the front seat in an automobile being driven by her mother. Both vehicles were moving ahead in the same direction in their right-hand lane of traffic. After the mother had given a signal, but before she started to turn into the drive of her home, her automobile was struck from behind by the overtaking pickup truck that the defendant was driving. The plaintiff complained of receiving injuries to her back and kidney, bruises over her body, and general stiffness and soreness. The issues were submitted to a jury which returned a verdict in favor of the defendant. The plaintiff filed a motion for a new trial which was overruled by the court.

The plaintiff has appealed and first argues that giving the appellee's following requested charge 1 constituted error:

"1. The plaintiff cannot recover damages in this cases (sic) if, after a fair consideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that she ought not to recover damages."

The court might have refused this charge without error, but giving it did not constitute error. In Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024, the court considered an identical charge numbered 5 and a majority held that the trial court committed error in refusing charge 5, requested by the defendant. The judgment was reversed, and the case remanded. Justice Denson and the then Chief Justice Weakley dissented, however, and were of the opinion that the only purpose that such a charge might serve is to secure a mistrial. They were also of the opinion that the two cited supporting authorities in the court's opinion, and other cases like them on the point under consideration, should not be adhered to in the future, at least, should be modified, so as to hold that such a charge is misleading, and its refusal should not require a reversal.

Then Birmingham Ry., Light & Power Co. v. Goldstein, 181 Ala. 517, 61 So. 281, followed, holding that a charge (numbered 8), almost identical with charge 1 in the present case, and having the same legal effect, was refused without error, that the majority opinion in *Moore's* case, supra, was wrong, and that it should be overruled and it was overruled, but the court did not hold it error to give such a charge. The court held that the charge possessed such misleading tendencies that the trial court was justified in refusing to give it. The court said however that it was not prepared to say that it would reverse the case if the trial court had given the charge, upon the ground of its misleading tendencies, because the opposite party could or should, in such cases, have prevented or counteracted these misleading tendencies by counter charges.

Speaking to the refusal of a charge, requested by the defendant in City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174, which is almost word for word, with charge 1 in this case, the court stated that its refusal was without error, because the charge was substantially covered by given written charges and the oral charge of the court. But the court also stated in that opinion:

" * * * Under authority of our cases, the trial court might well have given these charges [including charge 5] without risking error * * *."

Besides the criticisms leveled at this type of charge in the dissenting opinion of the *Moore* case, supra, and by the court in Birmingham Ry., Light & Power Co. v. Goldstein, supra, the case of Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641, holds that the refusal of the same charge was without error and that the charge was susceptible of conveying the impression that the plaintiff's right to a recovery did not depend upon the findings by the jury on the issues of fact submitted to them, but might be defeated if a juror was satisfied from the evidence that "she (the plaintiff) ought not to recover," without regard to whether the law, as applicable to the facts as found from the evidence, would justify such a conclusion, citing North Alabama Traction Co. v. Taylor, 3 Ala.App. 456, 459, 57 So. 146.

In view of these decisions holding that the charge's greatest fault is its misleading tendency, we are not willing to reverse the case because it was given.

We have repeatedly held that if a charge is deemed misleading, an explanatory charge should be requested, and the giving of misleading charge does not necessitate a reversal. Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279; Blakeney v. Alabama Power Co., 222 Ala. 394, 133 So. 16; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So. 2d 18; Crawford Johnson & Co. v. Duff-

ner, 279 Ala. 678, 189 So.2d 474, and cases cited in 18A Ala.Dig., Trial, ⊕⇒256(2).

Charges 2 and 3 given at the defendant's request read respectively as follows:

"2. Gentlemen of the jury, the court charges you that, if you believe from the evidence that the plaintiff in this cause suffered no damages, then the plaintiff is not entitled to recover.

"3. Even if the jury should find from the evidence in this case that the plaintiff is entitled to recover, she can recover only the damages she actually sustained by the alleged injury."

 Charge 2 may be an improper charge because it hypothesizes upon "belief" from the evidence, rather than on reasonable satisfaction from the evidence. However, a judgment will not be reversed because of the refusal or giving of "belief" charges. New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25, rev'd on other grounds, 376 U.S. 254, 84 S.Ct. 710, 11 L. Ed.2d 686; Prince v. Bryant, 274 Ala. 134, 145 So.2d 837; Locklear v. Nash, 275 Ala. 95, 152 So.2d 421; Deamer v. Evans, 278 Ala. 35, 175 So.2d 466.

Likewise charge 3 is improper because of employing the conditional clause "if the jury should find," instead of hypothesizing on the jury's being reasonably satisfied from the evidence. The court has adversely criticized this type of charge, but has held that a judgment will not be reversed because of the refusal or giving of "find" or "belief" charges. General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150; New York Times Co. v. Sullivan, supra; Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232.

Charges 2 and 3 seek to affect the amount of damages in event of a recovery by the plaintiff. Since there was no verdict for the plaintiff, the giving of the two charges would constitute only harmless error. Graves v. Wildsmith, 278 Ala. 228, 233, 177 So.2d 448; Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d

306. There was no reversible error in giving either of these charges.

The appellee's requested charge 4 which the court gave, reads as follows:

"4. The Court charges the jury that the fact of plaintiff's injury does not of itself give her a right of recovery. To recover the plaintiff must show that the defendant was guilty of a breach of some duty that it (sic) owed plaintiff. If the jury believe (sic) from the evidence that defendant was not guilty of a breach of any duty owing to plaintiff, but that the injury to plaintiff was the result of an accident or misadventure, than (sic) plaintiff cannot recover."

The plaintiff argues that the charge omits the word "proximate" and the giving of it constituted error to reverse, citing Terry v. Nelms, 256 Ala. 291, 54 So.2d 282, and Crocker v. Lee, 261 Ala. 439, 74 So.2d 429. These two cases hold that to be a defense the plaintiff's contributory negligence must have proximately contributed to his injury, and that a given charge on contributory negligence must hypothesize upon that negligence as proximately contributing to the plaintiff's injury, or be so fatally omissive as to constitute error to reverse.

■ This charge 4 does not rely on contributory negligence as a defense, as was the situation in the *Terry* and *Crocker* cases, supra, but simply instructs the jury that the burden is on the plaintiff to show that the defendant was guilty of a breach of duty before the plaintiff can recover against him. Therefore, if it be error to omit "proximate cause" from charge 4, such would enure to the plaintiff's benefit, because it lightens the plaintiff's burden of proof, requisite for her recovery, which she cannot complain of. The gist of the charge is:

"* * * To recover the plaintiff must show that the defendant was guilty of a breach of some duty that it (sic) owed the plaintiff. * * *"

Further we point out that in Barnes v. Haney, 280 Ala. 39, 189 So.2d 779, the court considered a similar charge to the one now before us, but containing the "proximate result" factor, and in comparing it with one identical (except for gender) to that now before us, said:

"The same charge was held to be 'a good charge' in McNeil v. Munson Steamship Line, 8 Ala.App. 610, 62 So. 459. (The case was reversed by this court, 184 Ala. 420, 63 So. 992, on other questions.) It is obvious that the charge could have been refused on the use of 'believe' instead of 'reasonably satisfied' in the third sentence, but under the uniform rulings of this court, reversible error will not be predicated on the giving or refusal of such charges. St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433 [6], and cases there cited; Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276. We have also held that neither the giving or refusal of 'unavoidable accident' or 'mere accident' charges constitutes reversible error, but the better practice is to refuse them. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277. We hold that the charge had, at most, only a tendency to mislead, and there was no reversible error in giving it."

■ The appellant's next ground for reversal is that the present action was brought against an individual defendant, who is alleged to have driven the pickup truck on the occasion complained of, and that his given charge 6 uses the wording "driver of defendant's automobile" and "defendant's driver" in place of "defendant." The appellant argues that this mistake makes the charge so grossly misleading that it would appear to the jury that the defendant himself was not driving the pickup involved in the accident. We are unable to find merit in this contention.

In speaking of a requested charge bearing some clerical errors, we said in Harris

v. Basden, 162 Ala. 367, 370, 50 So. 321, 322:

"* * *. As it is written, it is confused, indefinite, and uncertain, and might authorize a recovery if the timber was cut by plaintiff's agent, without authority from, or consent or knowledge of, defendant; but it could have been corrected by an explanatory charge."

There was no reversible error in giving the defendant's requested charge 6.

■ The appellant next argues that her motion for a new trial should have been granted because of newly discovered evidence which would establish the plaintiff's case, and which was not presented in the trial through no fault of the plaintiff.

The newly discovered evidence is in an affidavit attached to the plaintiff's motion, but from aught appearing this testimony is not admissible. The affiant was not an eyewitness to the accident, but saw the vehicles pass his store in Evergreen prior to the collision. Their relative position to one another or how far the store was from the point of impact is not revealed. No causal connection is shown between what this affiant saw and what occurred at the scene of the accident.

While appellant avers that the proposed testimony was not presented in the trial through no fault of hers, it does not appear from the motion that the appellant was uninformed of the proposed testimony until after the trial, or, that she could not have discovered it by the exercise of due diligence before the trial.

■ The granting or denying of a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal, unless it appears that the court violated some legal right of the appellant, or abused its discretion; the presumption being that the discretion was properly exercised. Birmingham Electric Co. v. Toner, 251 Ala. 414, 37 So.2d 584; Forest

Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754. It is not clear to us that the trial court abused its discretion in denying appellant's motion for a new trial.

■■ The final ground of appellant for reversing the case involves injecting automobile liability insurance coverage into the trial before the jury. The record discloses that appellant's attorney first drew attention to the subject of insurance by commencing his cross-examination of the defendant as follows:

"Q Mr. Salter have you given anybody a statement about this?

"A I gave the insurance company a statement right after it happened.

"Q What insurance company?

"A Farm Bureau.

"Q Is that your insurance company?

"A Yessir (sic), my father's

"Q On the car?

"A Yes sir.

"MR. TIPLER: I believe that's all."

We next find from the record where the trial court sustained defendant's objection to the following remarks of plaintiff's attorney made in final argument to the jury: "that it will not be this defendant that any money is gotten out of in this case." The plaintiff's attorney then contended that his statement was in answer to alleged statements made by the defendant's attorney to the effect "that this suit was brought purely because these people wanted to try to get money out of this boy," meaning the defendant, Salter. We do not find where in the record the defendant's attorney made any such statement. But notwithstanding this, and plaintiff's attorney's insistence that he was only going to tell the jury who the money was to be gotten from, how any judgment will be paid, or who will pay it are not issues in the case.

Alabama Power Co. v. Smith, 273 Ala. 509, 525, 142 So.2d 228. There was no evidence in the trial that a liability insurance carrier would pay any judgment that the jury might render against the defendant. We think that the court ruled correctly. Besides much discretion is allowed the trial court with respect to remarks made in final ·argument by counsel; Phillips v. Ashworth, 220 Ala. 237, 241, 124 So. 519; and the appellate court will not interfere where this discretion is not abused; Southern Ry. Co. v. Jarvis, 266 Ala. 440, 446, 97 So.2d 549; Alabama Power Co. v. Smith, supra. There was no abuse in this instance.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.