The petition for a writ of certiorari was filed by the State of Alabama to have this Court review and reverse the decision of the Court of Criminal Appeals in 348 So.2d 504 (1977), wherein that court reversed and remanded the judgment of conviction of Gary Wayne Small for possession of marijuana.
The reversal of that conviction was based upon the conclusion of that unanimous court that the testimony of a police officer, pertaining to information furnished him through a telephone conversation with an informant, was inadmissible hearsay which could not be considered as evidence in the trial itself. We granted the writ to determine whether the Court of Criminal Appeals had followed the rules of Granberry v. Gilbert,276 Ala. 486, 163 So.2d 641 (1964) and Langford v. State,54 Ala. App. 659, 312 So.2d 65 (1975) which held that the general
objection is insufficient to place the trial court in error when it overrules that objection.
The opinion of the Court of Criminal Appeals treated the allegations of the informant, as recited by the police officer, as rank hearsay, admissible in determining probable cause but inadmissible in the trial. But hearsay evidence is not inherently inadmissible unless it is patently inadmissible for any purpose, Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966);U.S. v. Costello, 221 F.2d 668 (2nd Cir. 1955); Granberry v.Gilbert, supra.
We disagree with the Court of Criminal Appeals with respect to its comments on the admissibility of hearsay, and thus with the reasoning employed by that court to find error in admitting the telephone conversation. However, this record reveals that there was a specific objection, on the *Page 509 
ground of hearsay, to the question which sought to reveal the content of the telephone conversation:
By Mr. Jackson;
 Q Did you receive a telephone call on that day around 6:15?
A Yes, sir. I did.
Q What was the substance of that conversation?
 MR. BRACKIN: I object to the substance as hearsay.
This objection was followed by a series of predicating questions relating to the reliability of the informer, followed by:
Q Okay. And what information did he give you?
A On this particular day?
Q Yes.
MR. BRACKIN: I object to that information.
 THE COURT: Just a minute, Gentlemen. Let's get straight here. Approach the bench.
 (Thereupon, an off the record discussion was held between the attorneys of record and The Court, and following said discussion, the following proceedings were had, to-wit:
THE COURT: Overruled.
MR. BRACKIN: Exception.
 THE WITNESS: The information received was that Gary Wayne Small was selling marijuana at The Difference Lounge on 231 South. And, he had a large quantity in his automobile. The automobile was described, the license plate number given to us.
This exchange clearly shows that a specific objection on the ground of hearsay was timely made to the question which called for the content of the conversation. Thus, the trial court was made acquainted with the ground of the objection, and it was not necessary to repeat that specific ground each time an additional question was propounded to elicit the same testimony. National Casualty Co. v. Dunn, 209 Ala. 484,96 So. 576 (1923).
It should be noted as well that the record does not reveal that the trial court made any ruling immediately after the initial specific objection, nor did counsel for the defendant request a ruling then or object to the trial court's refusal to rule in order to preserve an error for review. Ordinarily, his course of action would have been to follow one or both of these alternatives. Mitchell v. Bland, 12 Ala. App. 453, 67 So. 800
(1915). Under the facts, however, we find that the specific objection was sufficiently coincident with the trial court's ruling admitting the evidence to have preserved the error for review.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.