The majority finds that the affidavit and search warrant and return were "not admissible at trial to prove a fact in issue." Nevertheless, the majority concedes that the affidavit contained information that drug related activities were occurring at the Brookshire trailer. The sheriff's return confirmed it. Admittedly, all this information was hearsay, but it was certainly not patently inadmissible, as the majority finds, because it was highly relevant to Satterwhite's guilt. In Small v. State, Ala.Cr.App., 348 So.2d 507, this Court stated:
 "The reversal of that conviction was based upon the conclusion of that unanimous court that the testimony of a police officer, pertaining to information furnished him through a telephone conversation with an informant, was inadmissible hearsay which could not be considered as evidence in the trial itself. We granted the writ to determine whether the Court of Criminal Appeals had followed the rules of Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641 (1964) and Langford v. State, 54 Ala. App. 659, 312 So.2d 65
(1975) which held that the general objection is insufficient to place the trial court in error when it overrules that objection.
 "The opinion of the Court of Criminal Appeals treated the allegations of the informant, as recited by the police officer, as rank hearsay, admissible in determining probable cause but inadmissible in the trial. But hearsay evidence is not inherently inadmissible unless it is patently inadmissible for any purpose, Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966); U.S. v. Costello, 221 F.2d 668 (2nd Cir. 1955); Granberry v. Gilbert, supra."
In Small, this Court affirmed the judgment because a specificobjection was being made in that case.
In Neugent v. State, Ala.Cr.App., 340 So.2d 55, cert. denied, Ala.Cr.App., 340 So.2d 60 (1976), cert. denied, 430 U.S. 969,97 S.Ct. 1653, 52 L.Ed.2d 361 (1977), it was held:
 "When the affidavit and warrant were admitted into evidence during the trial, the appellant renewed the objection he raised during the suppression hearing. He did not object on the ground that it was hearsay. The trial judge was not in error in overruling the objection on the grounds specified, although the documents were clearly hearsay and subject to exclusion upon proper objection. Where the appellant made objection on specific grounds when the documents were introduced, all grounds not specified were waived. Roynica v. State, 54 Ala. App. 436, 309 So.2d 475, cert. denied 293 Ala. 772, 309 So.2d 485 (1974); Rogers v. State, 53 Ala. App. 573, 302 So.2d 547
(1974). Proper objection must have been made at the time the evidence was offered. An objection during closing arguments to reading from an exhibit already in evidence comes too late. Walker v. State, 265 Ala. 233, 90 So.2d 221 (1956)." *Page 362 
Had the defendant made a specific objection, at trial, and had the trial judge sustained that objection, the state could have then decided whether to put the informant on the stand as a witness, and could also have produced the officer who made the return on the warrant to testify, in court, what was found.