This is a workmen's compensation case.
The Circuit Court of Walker County found the employee to be permanently and totally disabled, awarded the employee benefits, and ordered the employer to pay certain medical expenses incurred by the employee. The employer filed a motion for new trial and judgment notwithstanding the verdict and a motion to set aside or reopen the judgment. These motions were denied. The employer appeals and we affirm.
The issues presented for review are (1) whether there is any legal evidence to support the findings of the trial court, (2) whether the trial court erred in amending its judgment, and (3) whether the trial court erred in denying the employer's post trial motion to reopen the judgment for the taking of additional testimony.
The record reveals the following facts:
The employee worked as a nurses' aid in the employer's hospital. On May 26, 1978, while at work the employee injured her back while lifting a patient. The employee was immediately examined by the employer's doctor and was admitted to the employer's hospital as a patient. The employee *Page 155 
remained hospitalized for approximately two weeks. The employee has since been hospitalized four times for treatment of her back.
At trial, the employee testified to the effect that her back was injured while lifting the patient and that she has suffered back pain, muscle spasms, and a loss of movement since her injury.
The trial court also heard testimony from the employee's personal physician. The physician testified that he examined the employee on May 27, 1978, and found that the employee had suffered a severe muscle strain in her lower back. The physician also testified to the effect that the condition of the employee's lower back has not substantially improved since May, 1978; that he did not expect this condition to improve; and that in his opinion the employee could not engage in any gainful employment that would require lifting, stooping, or any substantial physical activity.
There is further testimony to the effect that the employee has a high school education and that her work experience is limited to jobs requiring physical labor, such as nurses' aid.
We are aware that the record contains other medical testimony which indicates that the employee does not suffer from any orthopedic or neurological malady. However, this testimony does not eradicate the testimony showing that the employee suffers from a severe muscle strain in her lower back. In any event, this court will not look to the weight of the evidence but will only look to see if there is any legal evidence to support the findings of the trial court. Albertville Nursing Home v. Upton, Ala.Civ.App., 383 So.2d 544 (1980); Carroll Construction Co. v.Hutcheson, Ala.Civ. App., 347 So.2d 527 (1977).
In the instant case there is legal evidence to support the findings of the trial court. Specifically, there is the testimony of the employee regarding her injury and physical condition and there is the testimony of the employee's physician to the effect that the employee suffered a severe back strain which rendered her unable to work. Put another way, there is ample evidence from which the trial court could reasonably find that the employee was injured during the course of her employment; that the injury arose out of her employment; and that the injury caused the employee to be permanently and totally disabled.
In addition to the above, the employer contends the trial court erred in amending its judgment. The trial court entered its judgment on June 27, 1980. This judgment, among other things, ordered the employer to pay certain medical expenses incurred by the employee. On September 10, 1980, the trial court entered an order amending the June 27 judgment. This order amended the judgment by striking all findings of fact relating to the medical expenses and by setting aside the award of medical expenses.
Under Rule 59, ARCP, the trial court may, upon timely motion, amend or correct its judgment. See, Hallmark v. Hallmark, Ala.Civ.App., 381 So.2d 641, writ denied, 381 So.2d 642 (1980). In the instant case the trial court amended its judgment in response to the employer's timely motion for a new trial. Rule 59 (a), ARCP.
The employer cites Harbin v. United States Steel Corp., Ala.Civ.App., 356 So.2d 179 (1978); and Alabama Hide TallowCo. v. Pincheon, 282 Ala. 404, 211 So.2d 896 (1968), as authority for the proposition that a trial court cannot amend its judgment. We find those cases to be inapplicable to the instant appeal. In each of those cases the motion seeking the amendment of the judgment was made more than thirty days after the entry of the judgments. In the instant case the employer's motion for new trial was filed within the thirty day period prescribed by Rule 59. This motion authorized the amendment of the judgment. Rule 59 (a), ARCP. We find no error.
Finally, the employer contends the trial court erred in denying its post trial motion to set aside or reopen the judgment. The stated purpose of this motion was to allow the taking of additional testimony. This *Page 156 
additional testimony consisted of evidence of the employee's loss of earning capacity. This evidence was obtained by the employer after the entry of judgment.
Granting or denying a motion for a new trial on the ground of "newly discovered evidence" rests largely in the trial court's discretion and its order will not be reversed on appeal unless it appears that the trial court violated some legal right of the movant or abused its discretion. It is presumed that the trial court's discretion was properly exercised. Gilmer v.Salter, 285 Ala. 671, 235 So.2d 813 (1970).
Since there was ample evidence to support the trial court's finding of permanent and total disability, we cannot say that the trial court abused its discretion in refusing to hear the employer's "newly discovered evidence" on the employee's loss of earning capacity.
The employer argues in brief that the trial court's denial of its post trial motions was in contravention of § 25-5-57
(a)(4)(b), Code of Ala. 1975. This Code section authorizes the modification of an award of compensation for permanent total disability upon a showing, by the employer, that the employee is no longer permanently and totally disabled. However, in this instance, it is clear to this court that the employer's post trial motion was not presented to the trial court as a petition to modify pursuant to § 25-5-57 (a)(4)(b). In fact, in view of when the petition was filed, i.e., less than seventy days from entry of judgment, it would appear that § 25-5-57 (a)(4)(b) would be inappropriate.
In any event, the employer makes its § 25-5-57 (a)(4)(b) argument for the first time on appeal. This argument comes too late. Bevill v. Owen, Ala., 364 So.2d 1201 (1979); 2 Ala. Digest, Appeal Error Key 169. We find no error.
The employee has requested damages for a frivolous appeal. Rule 38, ARAP. Employee's motion is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.