EDWARD N. SCRUGGS, Retired Circuit Judge.
The parties settled this workmen’s compensation case by a written document dated October 23,1986 which was styled “Stipulation of Fact.” The trial court entered judgment on December 30, 1986 which adopted that settlement and which additionally awarded lump-sum attorneys’ fees to the employee. The employer appealed from the lump-sum fee aspect of the December 30, 1986 judgment. We affirmed. St. Regis Corporation v. Parnell, [Ms. Dec. 16, 1987] (Ala.Civ.App.1988). That case is presently before the supreme court on certiorari.
On August 12, 1987 the employer filed a Rule 60(b), Alabama Rules of Civil Procedure, motion to relieve the employer from the trial court’s orders concerning the payment of permanent total disability benefits to the employee and concerning the award of. lump-sum attorneys’ fees to him. The employer’s motion averred that the employee has refused to accept and/or cooperate with vocational rehabilitation and counseling; that the employee is not permanently totally disabled from obtaining gainful employment; that, pursuant to the laws of Alabama and the trial court’s orders, the employee is not now permanently totally disabled and is not entitled to benefits therefor; that the employee’s permanent total disability benefits have been terminated; that the employee has received permanent total disability benefits from February 22, 1985 through August 14, 1987 totaling $25,026 and will not receive any additional permanent total disability benefits; that the employee’s attorneys are not entitled to lump-sum attorneys’ fees as were awarded in the trial court’s previous order; and that the employee’s attorneys’ fees from the compensation paid to the employee at the maximum rate of fifteen percent are $3,753.90, which amount is to come from the benefits that have previously been paid to the employee. The motion of the employer was supported by a deposition and affidavits attached thereto.
The trial court denied the employer’s Rule 60(b) motion because it was procedur *912 ally improper; consequently, the trial court did not consider the motion on its merits. The employer timely appealed.
In presently pertinent part, the 1986 “Stipulation of Fact” provided as follows:
“2. That on November 16,1984, plaintiff sustained an injury to his back, as a result of an injury by accident arising out of and in the course of his employment with defendants....
“5. That following the injury plaintiff sustained a period of temporary total disability from November 16, 1984, until February 22, 1985, when he reached maximum medical improvement.
“8. That plaintiff was unable to return to his former employment with defendants after February 22, 1985, the date he reached maximum medical improvement, and is permanently totally disabled from returning to his job as a Class B Operator, which was his job at the time of said accident, as a proximate result of his injury for which he is entitled to receive compensation benefits from the defendants at the rate of $194.00 per week.
“10. That plaintiff as of the date of this Stipulation has received from the defendants all of the compensation and medical benefits that he is entitled to under the Alabama Workmen’s Compensation Laws.
“11. That plaintiff is entitled to receive benefits for permanent total disability pursuant to Section 25-5-57, et seq., subject, however, to Section 25-5-57(a)(4) i and j of the Alabama Code.
“12. That plaintiff is entitled to receive in permanent total disability benefits the sum of $194.00 a week from the date hereof until, as a result of physical, or vocational rehabilitation, or otherwise he obtains gainful employment, subject to the maximum benefits that he is entitled to pursuant to the Workmen’s Compensation Act of the State of Alabama.
“13. That said benefits will terminate immediately if the plaintiff fails to cooperate in his vocational rehabilitation.”
The Alabama Rules of Civil Procedure do not apply in those workmen’s compensation cases where an appropriate practice is provided by the Workmen’s Compensation Act (Act). Rule 81(a), A.R. Civ. P. The relevant provisions of the Act are applied to the facts of the case, whether they are stipulated or not, in order to decide workmen’s compensation issues.
It is specifically provided in the Act as follows:
“At any time, the employer may petition the circuit court which awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of such compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability and, if the court is so satisfied after a hearing, it shall alter, amend or revise the award accordingly.”
§ 25-5-57(a)(4)(b), Code 1975.
Other pertinent provisions of the Act are that an employee who has a permanent total disability shall not be deemed to be so disabled if he refuses to undergo physical or vocational rehabilitation, § 25-5-57(a)(4)(d); and that, if an employee is receiving permanent total disability benefits and refuses to undergo vocational rehabilitation when requested by the employer, the employee shall lose his benefits during the period of his refusal, §§ 25-5-77(c) and -77(d), Code 1975. J.S. Walton & Co. v. Reeves, 396 So.2d 699 (Ala.Civ.App.1981).
Here, if the employee actually no longer has a permanent total disability or if he is considered to be no longer permanently and totally disabled on account of his refusal to undergo physical or vocational rehabilitation as alleged in the employer’s motion, the employer is afforded a remedy by section 25-5-57(a)(4)(d), Code 1975, to alter, amend, or revise the award on either of those grounds.
Where a practice or procedure which is specifically provided by the Act is appropriate for use in a particular case, it is improper to resort to Rule 60(b) as to the issue since that rule would not be applicable under Rule 81(a).
*913 We have been cited to no case that conflicts with the above statement of procedural law. The employer relies upon three cases with which we find no fault. All three cases involved workmen’s compensation appeals from rulings upon motions filed under the Alabama Rules of Civil Procedure. In Brown v. Murray Security Guard Co., 404 So.2d 79 (Ala.Civ.App. 1981), there was involved a Rule 60(b)(6) motion for relief from a consent settlement on the ground that the employee was incompetent at the time that he entered into the settlement. In Jasper Community Hospital v. Hyde, 397 So.2d 153 (Ala.Civ. App.1981), the Rule 59 motion for a new trial was based on newly discovered evidence. The trial court in Fabarc Steel Supply, Inc. v. Davis, 422 So.2d 797 (Ala. Civ.App.1982), set aside a consent judgment in a workmen’s compensation case on the ground of mutual mistake of the parties, and we affirmed because mutual mistake is not a remedy which is provided by the Act. No remedy was provided by that Act as to the matters raised by the motions in any of those three cases; hence, a motion for Rule 60(b) relief was the appropriate procedural vehicle to use in those cases. However, since the Act provides a practice which can be used in the case sub judice, we affirm.
We would be remiss if we failed to compliment and to express our appreciation to counsel for both parties for excellent and very helpful briefs which were filed on behalf of their respective clients.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.