SHORES, Justice.
The action from which this appeal arises is a suit to foreclose a certain real property mortgage on a house in Cottonwood, Houston County, Alabama, brought by Debra Johnson, as administratrix of the estate of Lena Dawson. The complaint alleged that Lena Dawson’s brother, Hubert Adams, and his wife Jo N. Adams, were in default under a mortgage given by them to Mrs. Dawson, and it sought an order to foreclose on the mortgage by sale of the property. The Adamses filed an answer and counter-claim in which they alleged that Lena Dawson marked a prior promissory note “paid” and gave the “paid” promissory note to them, thus making a gift of the property to them. They claimed that this gift was made to them, despite the fact that they had made payments on the mortgage for only 16 to 22 months. The Adamses contended, further, that Mrs. Dawson intended to reserve a life estate *164 for herself, and that that is why she paid taxes on the house and collected rent on the house after they moved out.
The case was heard, and the trial court entered judgment, on April 28, 1989. The trial judge found Hubert Adams and wife Jo N. Adams to be the owners of the real property subject to the mortgage. The judgment of the trial judge held in pertinent part as follows:
“Hubert Adams and Jo N. Adams executed a note (Plaintiff's Exhibit 1) and Mortgage (Plaintiffs Exhibit 4) to the said Lena Dawson in the principal amount of $31,872.70. According to Plaintiffs Exhibit 4, the balance owed on the said promissory note and mortgage is $27,941.08. That the said mortgage is now in default and Plaintiff, Debra Johnson, Administratrix of the Estate of Lena Dawson, Deceased, is entitled to foreclosure against aforesaid property.
“IT IS HEREBY ORDERED that the said mortgage be foreclosed and the property sold.
“IT IS FURTHER ORDERED that Plaintiffs attorney is entitled to a reasonable attorney’s fees for his services herein and that a judgment be rendered against Defendants for any deficiency remaining after the sale of said property and payment of the balance owed on the mortgage, attorney’s fees and costs.” C.R. 25
On May 25, 1989, the Adamses filed a motion for a new trial, and a motion to alter or amend the judgment, in which they alleged that they had deeded the property back to Lena Dawson in 1983, and that subsequently Lena Dawson gave them the original deed and their prior promissory note to her stamped “paid.” Additionally, the Adamses asserted that newly discovered evidence was available, claiming to have found a copy of the unrecorded deed whereby they conveyed the subject property back to Lena Dawson in 1983. They claim this was a deed in lieu of foreclosure, which she failed to record because there was an outstanding judgment against her in Jefferson County, Alabama. The trial court denied their motions. The Adamses appeal.
We must determine whether the trial judge erred in his holding and in his denial of their motion for a new trial and their motion to alter or amend the judgment. We have carefully considered the evidence, and we affirm the judgment of the trial court.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989).” E.L. Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
As to the “newly discovered evidence” issue, we note that “Alabama codifies the grounds for a new trial and included in that enumeration is ‘[njewly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.’ Ala.Code 1975, § 12-13-ll(a)(7).” Talley v. Kellogg Co., 546 So.2d 385, 387-88 (Ala.1989). “The determination of whether to grant or deny a new trial is for the trial judge, and an order granting or denying a motion for new trial on the basis of newly discovered evidence will not be disturbed on appeal, unless it appears that the trial court abused its discretion. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813 (1970).” Id. at 388.
The evidence before the trial judge established that the Adamses executed a mortgage to Lena Dawson on December 27, 1982, which was properly recorded. This mortgage was given to secure a note executed by the Adamses on August 15, 1981, which was also recorded. It is undisputed that this mortgage was never satisfied. At the time of the trial, the evidence reflects that the Adamses were occupying the house and claiming to own it. Further, *165 contrary to the Adamses’ claim, there is no newly discovered evidence. They have presented to the court a copy of a deed purporting to transfer the property from themselves to Lena Dawson. However, there was ample testimony at the original hearing concerning this document.
For the foregoing reasons the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.