SHORES, Justice.
This is a slip and fall case in which the plaintiff, Virginia Strange, was awarded $25,000 in damages by a jury in the Eto-wah Circuit Court for injuries she incurred while shopping at a store operated by the defendant, Gregerson’s Foods, Inc. The trial court granted the defendant’s motion for a new trial, based upon newly discovered evidence. It is from this order that Strange appeals. We affirm.
Strange said that on August 15, 1990, she slipped and fell and was injured while shopping with her sister at Gregerson’s Foods. Strange sued Gregerson’s, alleging that Gregerson’s had been negligent and that its negligence had proximately caused her to be injured. Before trial, an anonymous caller telephoned the manager of Gregerson’s and the insurance agent for Gregerson’s, stating that Strange had staged her fall. The caller provided the names and telephone numbers of three people who might be able to corroborate the caller’s allegations. The three names provided were Buddy Wooten, Inez Cooper, and Betty Hutchinson. The anonymous caller never identified herself prior to trial.
Buddy Wooten is the plaintiff’s brother-in-law, and Inez Cooper is a close friend of the plaintiff. Gregerson’s counsel telephoned Cooper before trial to see if she could corroborate the anonymous caller’s story, but she denied knowing anything. Counsel made several unsuccessful attempts to talk with Buddy Wooten and Betty Hutchinson before trial. The anonymous caller telephoned Gregerson’s a second time before trial, but she still did not identify herself or give any additional information.
The case was tried, and the jury entered a verdict in favor of Strange on November 22, 1991. On November 25, 1991, Lee Froedge, vice president of claims for the - defendant’s insurance company, received a *722 call from a woman who identified herself as Peggy Wooten and who said she was the anonymous caller. She restated the information that she had previously given anonymously.
Gregerson’s filed a motion for JNOV, or, in the alternative, a new trial, on the basis of the newly discovered evidence, i.e., the anticipated testimony of Peggy Wooten. Peggy Wooten testified at the hearing on the motion that she had had a conversation with the plaintiff within a few weeks after the incident. She testified that Strange told her that she had poured fabric softener into a bottle and placed it in her purse before she went to Gregerson’s. According to Wooten, Strange told her that she took the bottle out of her purse and poured the fabric softener on the floor when nobody was around; that she continued shopping elsewhere in the store and later came down the aisle where she had poured the fabric softener; and that as she tried to stage the fall, .another customer tried to catch her, causing her to fall the wrong way and actually injure herself. Wooten testified that Strange told her that she did not intend to injure herself, but that she was going to receive either $72,000 or $74,-000 and that the “extra money I’ll be getting out of it would be worth it.”
The sole issue on appeal is whether the trial court abused its discretion by granting a new trial based on newly discovered evidence. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813 (1970). In Pacifico v. Jackson, 562 So.2d 174 (Ala.1990), we set forth the elements a party must prove in order to be entitled to a new trial on the ground of newly discovered evidence:
(1) The evidence must have been discovered since the trial;
(2) The evidence could not have been discovered with the exercise of due diligence before trial;
(3) The evidence must be material to the issue;
(4) The evidence must not be merely cumulative or impeaching; and
(5) The evidence must be such as will probably change the result if a new trial is granted.
Id. at 177.
After carefully reviewing the record and considering the facts, we conclude that Gregerson’s has met the elements set forth in Pacifico v. Jackson, supra, and that the trial judge did not abuse his discretion in awarding a new trial based on newly discovered evidence.
Accordingly, the new trial order is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.