YATES, Judge.
The employer appeals from the denial, by operation of law, of its motion for a new trial in a workers’ compensation case.
Humberto Rodriguez was injured on January 20, 1995, while employed as a cook for Columbia Sussex Corporation d/b/a Radisson Hotel (“Columbia”). On April 20, 1995, Rodriguez sued Columbia for temporary-total-disability benefits and permanent-partial-disability benefits, pursuant to the Workers’ Compensation Act, alleging that he had suffered an on-the-job injury within the line and scope of his employment and that Columbia had refused to pay him workers’ compensation benefits. Rodriguez subsequently moved the court, in November 1995, to compel Columbia to provide medical benefits; the court granted the motion on January 3, 1996.Rodriguez, in July 1996, moved the court to order Columbia to immediately begin paying him temporary-total-disability benefits, as well as accrued benefits. On August 6, 1996, the court ordered Columbia to pay Rodriguez temporary-total-disability benefits from June 24,1996, until the trial date, or until Rodriguez had reached maximum medical improvement.
Following an ore tenus prpceeding, the court, on September 6, 1996, entered an order, stating, in part:
“This cause came on to be heard on the issue of whether the plaintiff has suffered a compensable injury under the Alabama Workers’ Compensation Act. The issue of the degree, if any, of the plaintiffs permanent partial or permanent total disability will be determined after the plaintiff has received adequate medical evaluation.
[[Image here]]
“The undisputed testimony is that the plaintiff suffered an on-the-job injury. Despite his efforts, he has been unable to find employment with the exception of periodic minimum wage labor. The only compensation he has received was for a ten-week period for which he was paid pursuant to this Court’s order. Despite a further order requiring the defendant to continue to provide benefits to the plaintiff, pendente lite, it has failed to do so. Perhaps the defendant has evidence in support of its position which it will present at the hearing on the ‘compensation’ aspect of this case. The only explanation offered the Court thus far for the defendant’s actions is that the plaintiff was less than candid in his answers to interrogatories concerning his meager earnings since the accident. Even if there was not full disclosure, that does not relieve the defendant of its duty under the Act.”
In October 1996, Rodriguez again moved the court to compel Columbia to pay the court-ordered benefits and moved for sanctions for Columbia’s failure to pay. The court, on October 11,1996, awarded Rodriguez’s attorney a fee of 15% of the accumulated temporary-total-disability benefits arrearage.
This ease was heard on September 2, 1997, regarding the issue of the extent of Rodriguez’s disability.[1] Following an ore tenus proceeding, the court, on January 7, 1998, entered a detailed “Findings Of Fact, Conclusions of Law, and Final Judgment,” stating, in part,
“Plaintiff was injured during the evening of January 20, 1995, when he slipped and fell in the kitchen of the restaurant in the Radisson Inn while carrying a pot of hot water to a steam table.... There is no dispute but that *621 plaintiff satisfied the notice requirements of the Act.
“In approximately 1987, Rodriguez had undergone a surgical procedure known as ‘bipolar arthroplasty as the result of osteoarthritis. Essentially, his left hip was replaced by a metal prosthetic device. The undisputed testimony shows that before the 1995 injury, he had a limp but suffered no physical restrictions or limitations and was able to perform all of his job duties. Rodriguez testified that following his fall he felt an immediate onset of pain in hL lower back and left hip....
“He was seen by Raul A. Marquez, M.D., an orthopedic surgeon practicing in Edinburgh, Texas, who determined that Rodriguez had suffered a loosening of his left prosthetic hip (arthroplasty) and required a total hip replacement. He performed the surgery in March of 1997 and plaintiff reached maximum medical improvement on or about July 31,1997.
[[Image here]]
“After carefully reviewing the deposition testimony and records of Dr. Marquez, as well as the testimony of the plaintiff, the court concludes that plaintiffs disability and surgery were the proximate results of his January 20, 1995 injury. But for the compensable accident, he would not have been disabled from gainful employment. He has satisfied his burden of proof [as to both] legal and medical causation.
“The essential issue of this [damages] phase of the case is whether or not plaintiff is capable of meaningful, gainful employment as is defined by the statute and case law, or, alternatively, whether he is a suitable candidate for vocational rehabilitation. The Court has again carefully considered the testimony of the treating physician, Dr. Marquez, whose credentials are very impressive. Among other significant conclusions, Dr. Marquez testified that Rodriguez was permanently restricted from standing and/or walking for more than two (2) hours in an average eight (8) hour day. Given Rodriguez’s work history and lack of formal training, it is the opinion of this Court that this physical limitation alone would significantly reduce Mr. Rodriguez’s ability to obtain and maintain gainful employment.
“The court concludes that Rodriguez is permanently and totally disabled as defined by the Act. Specifically, the Court concludes that not only do Rodriguez’s physical limitations prevent him from obtaining and maintaining gainful employment in his area of past experience, but his limited education and lack of transferable skills render him incapable of being re-educated or re-trained for a new vocation.”
Columbia moved, pursuant to Rule 59, Ala. R. Civ. P., for a new trial, or, alternatively, to alter or amend the judgment, alleging that Rodriguez had been engaged in gainful employment for substantial periods after his injury. The motion was denied by operation of law. Columbia appeals, arguing that the court erred in not holding a hearing on Columbia’s motion and not making findings on Columbia’s claim that it had newly discovered evidence, a claim asserted in its motion.
To prevail on a motion for a new trial based on newly discovered evidence, a party must show that the evidence at issue: (1) was discovered after the trial, (2) could not have been discovered before the trial with the exercise of due diligence, (3) is material to the issue, (4) is not merely cumulative or impeaching, and (5) is of such a nature that a different verdict than that already obtained probably would result if a new trial is granted. Welch v. Jones, 470 So.2d 1103 (Ala.1985). The applicable standard of review is stated in Gilmer v. Salter, 285 Ala. 671, 676, 235 So.2d 813, 817 (1970):
“The granting or denying of a new trial on the ground of newly discovered evidence rests largely in the trial court’s *622 discretion, and its order will not be reversed on appeal, unless it appears that the court violated some legal right of the appellant, or abused its discretion; the presumption, being that discretion was properly exercised.”
After thoroughly reviewing the record as a whole, we conclude that the trial court abused its discretion in denying Columbia’s Rule 59 motion and not considering the merits of Columbia’s claim that it had newly discovered evidence. We are not making a determination regarding the merits of Columbia’s claim regarding newly discovered evidence — only that a hearing is warranted and that after conducting a hearing the trial court should make findings accordingly. We, therefore, reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
ROBERTSON, P.J., concurs in the result.

. Rodriguez had filed an amended complaint in January 1997, alleging retaliatory discharge and the tort of outrage. These claims were settled and the parties filed a stipulation for dismissal of these claims in May 1998.