Rel: June 28, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

————————————————

### CL-2023-0324

————————————————

### Barbara Brown

### v.

### Ernest Brown

### Appeal from Jefferson Circuit Court
### (DR-21-901253)

HANSON, Judge.

Barbara Brown ("the wife") appeals from a judgment entered by the Jefferson Circuit Court ("the trial court") divorcing her from Ernest Brown ("the husband"). For the reason set forth below, we reverse the

denial by operation of law of the mother's postjudgment motion and remand the cause for the trial court to conduct a hearing on that motion.

The parties were married on January 20, 2000. No children were born of the marriage. The parties separated on June 21, 2021. On July 21, 2021, the husband filed a complaint seeking a divorce and an equitable division of the marital property. On August 19, 2021, the wife filed an answer and a counterclaim, seeking a divorce and an equitable division of the marital property. On August 20, 2021, the husband filed a reply to the wife's counterclaim. During the pendency of the action, the wife filed a motion for contempt and later renewed her motion, alleging that the husband, after filing the divorce complaint, had improperly disrupted the financial status quo of the parties.

On September 12, 2022, the trial court conducted a hearing. At the beginning of the hearing, the wife reminded the trial court of her pending contempt motion and her renewal of that motion. The wife also moved for a finding of contempt regarding the husband's alleged failure to provide requested discovery that included certain financial documents and life insurance policies. The husband responded that he had produced the requested information to the wife's original counsel, as well as to her

current counsel. He further stated that he had not provided any information about a life-insurance policy because he did not own a life-insurance policy. The trial court indicated that it would consider the pending motions during the hearing, and the hearing followed with the presentation of evidence. After considering the evidence presented at the hearing, the trial court, on December 12, 2022, entered a final judgment that divorced the parties, divided the marital property, and denied the wife's motions for contempt.

On January 4, 2023, the husband filed a postjudgment motion. On January 9, 2023, the trial court entered an order setting the husband's postjudgment motion for a hearing on February 13, 2023. On January 11, 2023, the wife, acting pro se, filed a postjudgment motion, arguing that the trial court's property award was inequitable because it had not awarded her a portion of the husband's investment retirement account and that the trial court had exceeded its discretion by not awarding her periodic alimony. While the postjudgment motion was pending, the trial judge, who entered the final judgment, vacated her judgeship, and a new trial judge assumed that position. On February 13, 2023, the wife's new counsel filed a notice of appearance. That same day the trial court

3

conducted a hearing to address the husband's postjudgment motion. The wife's new counsel, who had been retained that day, asked the trial court for a continuance. After discussion between the trial court and the parties' counsel, the trial court continued the husband's motion. On February 17, 2023, the wife, although represented by counsel, acted pro se and filed an amended postjudgment motion. In that motion, the wife alleged that after the final judgment was entered, she learned that the husband did not disclose, during discovery or at trial, new information revealing investment accounts owned by the husband the contents of which she said were marital assets and subject to division. She further alleged that she had discovered new, additional information regarding the value of the husband's companies that the trial court should consider. The wife attached to her motion copies of financial documents that, she said, had not been produced before the final hearing. At the close of her postjudgment motion, the wife asked the trial court to amend the judgment "based on perjury and fraud perpetrated upon the court by [the husband,] and that additional testimony be taken regarding newly discovered information regarding [the husband's] assets." The trial court did not enter an order setting the wife's postjudgment motion for a

4

hearing. The parties' postjudgment motions were denied by operation of law. On May 12, 2023, the wife filed a notice of appeal.

On appeal, the wife contends that the trial court exceeded its discretion by failing to conduct a hearing on her postjudgment motion.

> "'Generally, when a party requests a hearing on a postjudgment motion [filed pursuant to Rule 59], the court must grant that request.' <u>Mobile Cnty. Dep't of Human Res. v. C.S.</u>, 89 So. 3d 780, 784 (Ala. Civ. App. 2012). Rule 59(g), Ala. R. Civ. P., provides that a postjudgment motion 'shall not be ruled upon until the parties have had opportunity to be heard thereon.' We have also held that,
>
>> "'[a]lthough it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala. R. App. P.; and <u>Kitchens v. Maye</u>, 623 So. 2d 1082, 1088 (Ala. 1993)("failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it 'probably injuriously affected substantial rights of the parties'").'
>
> "<u>Flagstar Enters., Inc. v. Foster</u>, 779 So. 2d 1220, 1221 (Ala. 2000).
>
>> "'"'Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the

> same objective standard of review as that applied in the trial court.'"'
>
> "DWOC, LLC v. TRX Alliance, Inc., 99 So. 3d 1233, 1236 (Ala. Civ. App. 2012)(quoting Kitchens v. Maye, 623 So. 2d 1082, 1088-89 (Ala. 1993), quoting in turn Greene v. Thompson, 554 So. 2d 376, 381 (Ala. 1989))."

House v. House, 185 So. 3d 1112, 1117-18 (Ala. Civ. App. 2015).

The husband argues that the wife did not request a hearing on her postjudgment motion. Admittedly, the wife did not expressly ask the trial court for a hearing to address the merits of her motion; however, the wife, by asking "that additional testimony be taken regarding newly discovered information regarding [the husband's] assets," in substance asked the trial court to conduct a hearing. Thus, the issue now becomes whether the failure to conduct a hearing was harmless.

In her postjudgment motion, the wife alleged that after the final hearing she learned that the husband owned several investment accounts that he did not disclose during discovery or at trial that, she said, constituted marital property and, consequently, should have been included in the property division. In support of this assertion, the wife attached copies of statements for those personal accounts. It appears that the wife secured these documents through a pro se subpoena issued

6

on June 24, 2022, with a return date of July 1, 2022. The record does not indicate when these documents or other documents concerning the value of the husband's companies were produced to the trial court or to the wife.

> "To prevail on a motion for a new trial based on newly discovered evidence, a party must show that the evidence at issue: (1) was discovered after the trial, (2) could not have been discovered before the trial with the exercise of due diligence, (3) is material to the issue, (4) is not merely cumulative or impeaching, and (5) is of such a nature that a different verdict than that already obtained probably would result if a new trial is granted. Welch v. Jones, 470 So. 2d 1103 (Ala. 1985). The applicable standard of review is stated in Gilmer v. Salter, 285 Ala. 671, 676, 235 So. 2d 813, 817 (1970):
>
>> "'The granting or denying of a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal, unless it appears that the court violated some legal right of the appellant, or abused its discretion; the presumption, being that discretion was properly exercised.'"

Columbia Sussex Corp. v. Rodriguez, 736 So. 2d 619, 621-22 (Ala. Civ. App. 1999).

After thoroughly reviewing the record, we cannot conclude that the trial court's failure to conduct a hearing on the merits of the wife's claims of newly discovered evidence was harmless. We are not deciding the merits of the wife's claims regarding newly discovered evidence -- only

7

that under the facts and circumstances in this case, a hearing is warranted to make findings accordingly.

For the foregoing reason, we reverse the denial by operation of law of the wife's postjudgment motion, and we remand the cause to the trial court to conduct a hearing. Frazier v. Curry, 119 So. 3d 1195 (Ala. Civ. App. 2013). Although the wife raised other arguments in her postjudgment motion, the lack of a hearing on the alleged newly discovered evidence is dispositive, and we express no opinion as to the validity of the other arguments raised by the wife and pretermit discussion of them. See Henderson v. Henderson, 123 So. 3d 974, 977-78 (Ala. Civ. App. 2013).

REVERSED AND REMANDED.

Edwards, Fridy, and Lewis, JJ. concur.

Moore, P.J., concurs in the result, without opinion.